[No. 14457.    Department Two. — April 30, 1892.]

## LINA MOULTON, RESPONDENT, v. E. A. HARRIS, APPELLANT.

VENDOR AND PURCHASER — STATUTE OF FRAUDS — VERBAL CONTRACT OF
    SALE — PART PERFORMANCE. — The taking of actual possession of the
    land by a vendee, with the consent of the vendor, and making valua-
    ble improvements thereon on faith of the contract, is a sufficient part
    performance of a verbal contract for the sale of the land to take it out
    of the operation of the statute of frauds.

ID. — EXCHANGE OF LAND — SPECIFIC PERFORMANCE — EVIDENCE — ASSAIL-
    ING TITLE ADMITTED BY PLEADINGS. — In an action to enforce the spe-
    cific performance of a contract for the conveyance of land, where the
    plaintiff alleged that by the terms of the contract she traded her land
    for a band of horses and a tract of land of the defendant, and the answer
    of the defendant admitted plaintiff's ownership of her land, and only
    raised an issue as to whether the defendant, at the time the contract was
    entered into, agreed to give his own land as part consideration for the
    plaintiff's land, evidence on the part of the defendant tending to show
    that the land of the plaintiff is not hers in fact or in equity, as against
    her father's creditors, is irrelevant and immaterial, and is properly ex-
    cluded.

ID. — NOTE SECURING LITIGATED TITLE — WAIVER OF OBJECTION — EVI-
    DENCE — PAYMENT TO ASSIGNEE OF JOINT PAYEE. — Where a note was
    given by the defendant for the price of the land which plaintiff claimed
    the defendant agreed to transfer in part exchange for plaintiff's land, and
    plaintiff claimed that the note was given because the title to defendant's
    land was in litigation, and was not to be paid if a good title could be
    made to the property, and plaintiff waived objection to the title and
    asked for a conveyance of the land, and defendant contended that he
    never agreed to sell or transfer his land, but that the note represented a
    part of the purchase price which he was to pay for the plaintiff's land,
    the exclusion of evidence offered to show a payment of the note is not
    prejudicial error, where the proof shows that the note was a joint one
    in favor of the plaintiff and another person, who assigned it without au-
    thority of plaintiff, and the defendant was permitted to testify that he
    paid to the assignee part of the amount of the note, and it appeared that
    the plaintiff never knew of or authorized the payment and received no
    payment whatever.

ID. — DISPUTED TERMS OF VERBAL CONTRACT — EVIDENCE — COLLATERAL
    WRITTEN AGREEMENT. — Where the terms of an alleged verbal contract
    for the exchange of land, which has been partly performed, are in dis-
    pute, all facts and circumstances which may throw light on the true na-
    ture of the contract should be considered by the court, and it is error to
    exclude from evidence a collateral written agreement between the par-
    ties for the assumption of a mortgage on plaintiff's land, tending to show
    that the contract is, as claimed by the defendant, for the purchase of
    plaintiff's land on the terms testified to by defendant, and not for the
    exchange or transfer of defendant's land as part of the consideration, as
    claimed by plaintiff.

APPEAL from an order of the Superior Court of Yuba County denying a new trial.

The facts are stated in the opinion.

*H. M. Albery*, and *T. J. Hart*, for Appellant.

*John T. Harrington*, and *A. L. Hart*, for Respondent.

FOOTE, C. — This action was brought to enforce the specific performance of a contract for the conveyance of land.

Under the findings, which are, as we think, supported by the evidence, it appears that the plaintiff, the vendee, took possession of the land, by her agents, with the consent of the vendor, and made valuable improvement thereon on the faith of the contract. This is sufficient part performance of the contract, it being oral, to take it out of the operation of the statute of frauds, under the rule announced in *Calanchini* v. *Branstetter*, 84 Cal. 253.

The most strenuous contention of the defendant for the reversal of the order refusing a new trial seems to be as to the rulings of the court upon the admission or rejection of proffered evidence.

The contention of the plaintiff is, that she traded her tract of land, about eight hundred acres in Colusa County, for a band of horses and the land of the defendant in Lassen County; that putting her land at $16,000 and the defendant's horses at $8,000, the defendant agreed to assume a mortgage on her lands over $5,000, and make her a title to his land in Lassen, which was valued at $2,675; that as he could not, on account of certain litigation, give her at that time a perfect title to the land, he agreed to give her a note for the sum last above mentioned, which was not to be paid except in the event the defendant should find it impossible to make title to the Lassen County land to the plaintiff; and she now waives a good title, and asks simply for a conveyance of that land.

The contention of the defendant is, that he never did

agree to sell the land in Lassen, but that the note represented a part of the purchase price which he was to pay for the land of plaintiff. As a part of his evidence, he stated that he was to assume the payment of but three thousand dollars of the mortgage debt on the plaintiff's land, and that he was only to pay interest on that much of it, and that the plaintiff agreed to be responsible for the rest of the sum due by the mortgage, and to pay the interest on it.

The evidence of the defendant was intended to show that he did not agree to sell the land, but that his agreement was to sell his band of horses, then running on that land, and to take the plaintiff's land at $16,000, to pay $8,000 in horses, $3,000 of the mortgage debt and interest then encumbering the land of plaintiff, and to give his note for $2,675 for the balance of the purchase price of plaintiff's land.

The pleadings admit the ownership of her land by the plaintiff, and there is nothing set up in the answer as to any failure on the part of the plaintiff to perform her contract. The only matter at issue is, Did or did not the defendant, at the time the contract was entered into for the purchase or trade for the plaintiff's land, agree to give in part consideration and payment therefor his land in Lassen County?

It follows, therefore, that all the evidence offered on the part of the defendant going to show that the land in Colusa County which he bought from the plaintiff was not hers in fact or equity, as against her father's creditors, was entirely irrelevant and immaterial, and was properly ruled out by the trial court.

It is insisted that the proof offered to show a payment of the note for $2,675 ought to have been admitted, to show that the contract was as defendant asserts.

But the proof showed that the note was a joint one in favor of the plaintiff and one Meyers, and that she never authorized its assignment by Meyers to any one, and never received a cent upon it, and that Meyers transferred it without any authority from her, or knowl-

edge that he had done so.  Besides, the defendant was
permitted to say that he paid to the assignee of Meyers
five hundred dollars; and it is plain, from the state-
ment as made by defendant, that this sum was all he
ever claimed to have paid on the note, and that the
plaintiff never knew of it or authorized it.  We see no
error prejudicial to defendant in this.

The only reversible error which we perceive in the
record is the ruling of the court which excluded from
its consideration a written agreement, which reads
thus: —

" This agreement, made this twenty-sixth day of No-
vember, 1880, between J. Meyers and Lina Moulton,
of the county of Colusa, state of California, the parties
of the first part, and E. A. Harris, of said county and
state, the party of the second part, witnesseth, that
whereas a certain indenture of mortgage between E. A.
Harris of the first part, and the Colusa County Bank
of the second part, dated the twenty-sixth day of No-
vember, A. D. 1880, for the sum of $5,325, now, there-
fore, it is understood and agreed between the aforesaid
parties that the said parties of the first part will pay,
or cause to be paid, to the said party of the second part
all the interest on said sum that may accrue on all
amounts over and above $3,000.

" JACOB MEYERS.

"LINA MOULTON."

The defendant, to show that he did not sell his land
in Lassen, had testified previously that he was to give
his horses at eight thousand dollars, to *assume* three
thousand dollars of the mortgage on plaintiff's land,
and give his note for the balance of sixteen thousand
dollars.  And also, to corroborate this statement, he
had shown, in some prior negotiations between himself
and one Meyers, acting for the plaintiff, the execution
of a written memorandum of agreement setting out
these matters.

Now, if it could be made to appear that the plaintiff
had signed an agreement at the time the transaction

between herself and the defendant took place, in which she agreed to pay interest on all over $3,000 of the mortgage that the defendant had just executed, in satisfaction of the mortgage which existed on her land, to the Colusa County Bank, it would tend to show, as we think, that he was telling the truth when he said that the horses at $8,000, the assumption of $3,000 of the mortgage debt, and the $2,675 note were in consideration of the sale of plaintiff's land, worth $16,000, and that his land in Lassen was not part of the consideration.

He ought, as it seems to us, to have had considered by the court all facts and circumstances which went to throw light on the true nature of the contract he had made, as upon that depended the determination of the issue as to whether he had agreed to make title to his land in Lassen County as part consideration for the land of plaintiff. But upon no other ground could this evidence have been admissible under the pleadings as they stand, and which the court, as we think, properly refused to allow to be amended.

For the reasons stated, the order should be reversed. and we so advise.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is reversed.

Hearing in Bank denied.