[S. F. Nos. 4633, 4758.   Department Two.—June 6, 1908.]

BARBARA E. BROWN, Executrix of Will of John A. Brown, Deceased, et al., Appellants, v. TOWN OF SEBASTOPOL, Respondent.

ACTION BY EXECUTRIX TO QUIET TITLE TO PUBLIC STREET—CROSS-COMPLAINT BY TOWN—SPECIFIC PERFORMANCE—TITLE HELD IN TRUST—PRESENTATION OF CLAIM NOT REQUIRED.—In an action by an executrix to quiet title (with other lands) to a tract of land occupied by defendant town as a public street, where the town by cross-complaint sought to enforce specific performance of a contract between the town and the testator to convey such tract of land to the town as a public street, for an adequate consideration in services fully performed by the town, and the further payment of fifty dollars, which was tendered to plaintiff and refused, such cross-complaint seeks to enforce a conveyance of real property held in trust by the testator, and no presentation of the claim on the part of the town was required to be made to the executrix, in order to maintain the cross-complaint.

ID.—FAIRNESS OF CONTRACT—ADEQUACY OF CONSIDERATION.—Where the cross-complaint fully shows the fairness of the contract sought to be specifically enforced, and the adequacy of the consideration therefor, it is not demurrable for not alleging facts showing that it was just and reasonable as to the testator.

ID.—MUTUALITY OF REMEDY—AGREEMENT TO PERFORM PERSONAL SER-
VICES—FULL PERFORMANCE—ENFORCEABLE CONTRACT.—Where the
contract provided that in consideration of the agreement to convey
the land for a public street, the opening of which was beneficial to
the testator's remaining lots, the town was to remove his buildings
therefrom upon other lands belonging to him, and would lay out,
open up, grade, and oil the street in front of his lots, besides
paying him the sum of fifty dollars, although the contract would not
be enforceable for want of mutuality of remedy, while such services
remained unperformed, yet where the cross-complaint alleges full
performance of such services on the part of the town, it shows
a cause of action to enforce the contract *in specie* against the
testator's estate.

ID.—PAROL CONTRACT — PART PERFORMANCE — POSSESSION BY TOWN—
ACTS OF DISCLAIMER BY TESTATOR—ESTOPPEL.—The irregularity
that the contract rested in parol is obviated, where the contract
was partly or fully performed, and the town was let into possession
of the land by the testator, and induced to expend money on the
faith of the contract, and the testator disclaimed title thereto before
the trustees of the town, and was relieved from paying taxes
thereon. Under such circumstances, his representatives are estopped
from retaining the benefits, while refusing performance on their
part.

ID.—PRIVATE CONTRACT OF MUNICIPAL CORPORATION—DOCTRINE OF ES-
TOPPEL.—The private contract of a municipal corporation in the
acquisition of land by purchase, is construed by the same laws that
govern the contracts of private persons, in similar cases, and the
municipal corporation in relation to such contract, may invoke the
doctrine of estoppel, and may be held subject thereto.

ID.—IRREGULAR JUDGMENT—AMENDMENT PENDING APPEAL—BENEFIT OF
APPELLANTS.—Where the complaint to quiet title included lands
not claimed by the town, and the specific performance was en-
forced as claimed by the cross-complaint, and judgment was inad-
verently rendered that the plaintiffs take nothing by their action, an
amendment of the judgment made after appeal taken to correct such
oversight, and to give the plaintiffs the benefit of the remaining
lands claimed by them, was not injurious to them, and they cannot
complain thereof.

APPEAL from a judgment of the Superior Court of
Sonoma County and from an order denying a new trial.
Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

S. K. Dougherty, for Appellants.

L. G. Scott, and T. J. Butts, for Respondent.

CLIII Cal.—45

HENSHAW, J.—Plaintiffs sued to quiet title (with other lands) to a triangular piece of land situate within the corporate limits of the defendant town of Sebastopol, alleging title and right of possession in her testator. Defendant pleaded by way of answer and cross-complaint, in the cross-complaint alleging that during his lifetime John A. Brown, plaintiff's testator, entered into a contract whereby he agreed to sell and convey to the defendant town the real property in controversy, upon consideration expressed as follows: "That defendant would remove from said premises certain houses, buildings and structures then located thereon belonging to said John A. Brown, and place said houses, buildings and structures upon other lands belonging to said John A. Brown, and would lay out, make and put in condition for use a street along and across the lands of said John A. Brown . . . and would lay out, open up, make and put in condition for use Depot Street in front of and adjacent to the premises hereinbefore described, and would grade and put oil on that portion of said Depot Street in front of and adjacent to said premises hereinbefore described and in front of other lands and premises belonging to said John A. Brown, and that defendant would pay to said John A. Brown the sum of $50 when the said Depot Street had been oiled as hereinbefore alleged." The complaint further alleged the performance by defendant of all the acts to be by it done, that defendant entered into possession of the disputed land with the acquiescence of Brown, and ever since has continued in such possession, and that upon the death of Brown fifty dollars was tendered to the executrix of his will, with the request that a deed be executed in conformity with the agreement; that the tender was refused and the right to a deed denied. It is then alleged that the services rendered and the sum agreed to be paid for the premises was and is a just, fair, and adequate consideration and price for the land therein described. Issue was joined upon this cross-complaint and a trial resulted in findings and judgment for the defendant. From this judgment and from the order of the court denying plaintiffs' motion for a new trial plaintiffs appeal.

A demurrer to the cross-complaint was interposed upon the ground that it failed to state sufficient facts, in this, that there was an absence of an allegation of a presentation of a

claim against the estate. But it is apparent from the cross-complaint that it is an action in equity to enforce a trust as to specific real property,—that plaintiffs hold legal title to a piece of land, which legal title in equity and good conscience they should be compelled to convey to defendant. It is well settled that where recovery is sought of specific property alleged to have been held in trust by the decedent at the time of his death, a party seeking such recovery is not asking payment of the claim from the assets of the estate, and is therefore not required to present his claim as a creditor of the estate. (*Byrne* v. *McGrath*, 130 Cal. 316, [80 Am. St. Rep. 127, 82 Pac. 559]; *Elizalde* v. *Elizalde*, 137 Cal. 634, [66 Pac. 369, 70 Pac. 861]; *Estate of Dutard*, 147 Cal. 256, [81 Pac. 519].) Appellants further contend that the complaint fails to present facts that will enable the court to say that the consideration is adequate and that the contract is just and reasonable as to the plaintiffs. But the complaint specifically alleges the fairness of the contract and the adequacy of the consideration, and is not obnoxious to demurrer upon this ground. It is again urged that there is no mutuality of remedy, because the contract could not be enforced against the town. (Civ. Code, sec. 3386.) While it is true that a part of the consideration moving from the defendant was in the nature of personal service and therefore not specifically enforceable, yet the situation here pleaded is that expressly contemplated by section 3386, where the defendant has fully performed, in which case it is well settled that the obligation, if in other respects specifically enforceable, may be enforced *in specie* against the party in default. It is so held in that class of cases where the consideration is, upon the one side, purely personal and in the nature of personal services, as instanced by *Owens* v. *McNally*, 113 Cal. 444, [45 Pac. 710], and *McCabe* v. *Healy*, 138 Cal. 81, [70 Pac. 1008].

The foregoing disposes of the objections urged to the sufficiency of the complaint. Coming to the evidentiary matters urged upon the appeal from the order denying the motion for new trial, the evidence showed that John A. Brown was the owner of a tract of land within the town limits of the town of Sebastopol, and that he had subdivided this land into lots and sold such of them as fronted upon the existing streets.

He desired the town to open a new street through his lands, the value of which to him, in the enhanced prices which he could obtain for his lots, being quite apparent. He submitted to the town trustees a proposition to the effect that if they would open, grade, and oil as a public street a certain specified piece of his land, removing at the town's expense the buildings upon the course of this proposed street, in a manner satisfactory to him, replacing them in such position as he might designate, and, after doing this, pay him fifty dollars in addition, he would deed to the town a triangular piece of land a little over one hundred feet on each side, which would remain upon the opening of this street, as a public square or plaza. He was asked to make the offer in writing, but he replied that it was unnecessary, that his word was as good as his bond. This matter of Brown's proposition was called before the board of trustees at one of its regular meetings and put to vote and duly accepted, though the minutes fail to contain a record of this fact. The town, however, proceeded with the work and completed it to the satisfaction of Brown, and with Brown's permission entered into possession of the disputed triangle. It is established, moreover, that after the work was done Brown appeared before the board of trustees as a board of equalization, objecting to the assessment to him of the triangular tract for the reason that it was no longer his, but was the property of the town, and the assessment was canceled and the tract never thereafter assessed. As to the value of the triangular lot, the testimony varies in fixing it from two hundred dollars to two thousand dollars. So far as the consideration paid by the town, it is shown that the moving of the buildings cost one hundred and seventy dollars and that forty dollars was expended to purchase oil to oil the road. Besides this there was the necessary labor in grading and oiling the road, and the value to Brown's other lands in having an open street constructed through them in the place and manner by him desired and without expense to him. The consideration is thus shown to have been adequate. The fact that some of the moneys thus expended in constructing the road were gathered by private subscription from the citizens and did not come directly from the town treasury cannot matter to appellants, and does not impair in the slightest degree the adequacy of the consideration. The finding of

the court that Brown entered into the agreement with the members of the board of trustees of the town of Sebastopol, instead of with the town of Sebastopol, is without significance. The members were acting for the town, and, as has been above stated, they accepted Brown's proposition in regular meeting on behalf of the town. The evidence establishes with sufficient clearness, as the court finds, that the consideration for the contract was as above set forth, and that by the town it had been fully performed.

The informality and irregularity in allowing this contract dealing with the transfer of lands so to rest in parol is of course apparent. But as laid down by Mr. Washburn (3 Washburn on Real Property, p. 215) : "If under a parol contract to convey, and after part or full payment of the purchase money is made, the possession of the estate is delivered to and taken by the purchaser and he enters upon and occupies the estate, it takes it out of the statute of frauds." (See, also, *Weber* v. *Marshall,* 19 Cal. 447; *Moulton* v. *Harris,* 94 Cal. 421, [29 Pac. 706] ; *Calanchini* v. *Branstetter,* 84 Cal. 253, [24 Pac. 149].) The town of Sebastopol is incorporated under the general laws of the state of California. (General Laws of Cal., chap VII, act. 2348, [Deering's ed. 1906, p. 635].) By subdivision 2 of section 862 thereof, power is conferred upon the corporation "to purchase real estate." It is well settled that the contract of a municipal corporation, when exercising other than its governmental functions, and within the limits of its charter powers, are construed by the same laws that govern the contracts of private parties. Thus the doctrine of estoppel in such a contract may be invoked on behalf of or against a municipality. Says Bigelow on Estoppel (sec. 1128) : "But it is a well-settled principle, applicable alike to the states and the United States, that whenever a government descends from the plains of sovereignty and contracts with parties, such government is regarded as a private person itself, and is bound accordingly. A state in its contracts with individuals must be judged and must abide by the same rules which govern individuals in similar cases, and when such a contract comes before a court the rights and obligations of the contracting parties will be adjudged upon the same principles as if both contracting parties were private persons." (See, also, *Sacramento County* v. *Southern Pacific*

*Co.,* 127 Cal. 222, [59 Pac. 568, 825]; *Contra Costa County*
v. *Breen,* 139 Cal. 432, [73 Pac. 189].) We have here pre-
sented the case where, notwithstanding the irregularity and
informality in the failure to reduce the contract to writing,
the owner of the legal title induced defendant to expend
moneys and make valuable improvements for the benefit of his
remaining property, under promise to convey a specific piece
of land. Defendant was, by the owner of the legal title, let
into possession of this land, and the owner of the legal title
made open disclaimer of his title before the trustees of de-
fendant and caused himself to be relieved from the assessment
upon the ground that it was defendant's property. Plaintiffs
here seek to hold all the benefits, while refusing perform-
ance. They are estopped from so doing, under funda-
mental and well-settled principles. (*Des Moines and Fort
Dodge R. R. Co.* v. *Lynd,* 94 Iowa, 368, [62 N. W. 806];
*Lane* v. *Pacific etc. Co.,* 8 Idaho, 230, [67 Pac. 656]; *McClana-
han* v. *West,* 100 Mo. 309, [13 S. W. 674]; *Blood* v. *Serena L.
& W. Co.,* 113 Cal. 221, [41 Pac. 1017, 47 Pac. 695]; *Carpy*
v. *Dowdell,* 115 Cal. 677, [47 Pac. 695]; 1 Abbott's Municipal
Corporations, sec. 259; *City of Buffalo* v. *Balcom,* 134 N. Y.
532, [32 N. E. 7].)

The court by its original judgment decreed that the "plain-
tiffs take nothing by their action." It appears that this was
an inadvertence, since, to certain of the lands described in
the complaint, no claim was made by the town. The court
then amended this judgment by decreeing to plaintiffs, as
against defendant, all the lands in the complaint described,
excepting such lands as were described in defendant's cross-
complaint. An appeal from the judgment was pending at the
time this order was made. However irregular it may be said
to have been, since it was manifestly in the interest of plain-
tiffs, and to correct a clear oversight, plaintiffs were not
injured in any way and should not be heard to complain.

This disposes of all the questions which we deem necessary
for a consideration, and for the reasons above given the judg-
ment and order appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.