[Civ. No. 16545.   Second Dist., Div. Two.   June 9, 1948.]

GUY F. ATKINSON COMPANY, Petitioner, v. MILTON OFFNER, as Chief Accounting Employee and Secretary, etc., et al., Respondents.

Lawler, Felix & Hall and Marcus Mattson for Petitioner.

Ray L. Chesebro, City Attorney, and Leon T. David, Assistant City Attorney, for Respondents.

MOORE, P. J.—Petitioner seeks a writ of mandate to compel respondents to execute a warrant for the payment of certain moneys claimed to be due under its contract with the city of Los Angeles.  Respondents are the chief accounting employee and secretary of the Board of Public Works of the city of Los Angeles, Dan O. Hoye, city controller, and the city of Los Angeles.

Prior to February 11, 1948, the Board of Public Works caused notice to be published inviting proposals for work and services to be performed for the city of Los Angeles for the erection of the filter, drier and fertilizer storage system of the Hyperion Activated Sludge Plant.  Petitioner and others

submitted bids, all of which were rejected by the board on March 3, 1948. On April 7, 1948, the board by resolution annulled its action of March 3, 1948, and found that petitioner was "the lowest and best, regular, responsible bidder" and awarded the contract to it. Thereafter petitioner and the Board of Public Works entered into a written contract pursuant to which work was commenced, and the board on May 4, 1948, approved petitioner's claim and demand duly filed with the city clerk for its initial progress payment. Section 84 of the city charter provides that no money shall be drawn from any fund under control of the Department of Public Works except upon warrant authenticated by the signature of the chief accounting employee. Respondent Offner having refused to sign the warrant presented to him, petitioner by this action seeks to compel him to do so.

The only grounds presented by respondent Offner for his refusal to sign the warrant are (1) that the Board of Public Works lacked power and jurisdiction to rescind its rejection of all prior bids and then proceed to award the contract to petitioner; and (2) that should respondent by signature authorize the initial progress payment he would become liable on his official bond for such illegal payment.

█ Such argument is specious. After providing by section 2 of its charter that the city has power to construct local improvements and to control the disposal of sewage, the organic law proceeds by section 386 (c) to provide: "The right to reject any and all proposals shall, in every case, be reserved, as shall the right to waive any informality in the bid when to do so would be to the advantage to the city and its taxpayers." Section 386 (d) provides that "after bids and proposals have been opened and declared . . . no bid shall be withdrawn, but shall be subject to acceptance by the City for a period of three months." Such language not only places a limitation on the bidder but confers upon the city the power to revoke its rejection of a bid and to accept it within the time specified. The wisdom of such provisions is demonstrated by the present controversy. Without them the city, after its first pronouncement, would be unable to give any reconsideration to such proposals. Neither any provision of the charter nor any consideration of policy requires so drastic a curtailment of the powers of the Board of Public Works as respondents propose. The city was empowered to enter into the contract the aim of which was to construct a public improve-

ment indispensable to the general welfare. Having made the contract it is bound to the same extent and effect as a private individual. (*Brown* v. *Sebastopol,* 153 Cal. 704, 709 [96 P. 363, 19 L.R.A. N.S. 178].) Its prior rejection of petitioner's bid did not divest the board of its power to reconsider and rescind its rejection. (*McConoughey* v. *Jackson,* 101 Cal. 265, 269 [35 P. 863].) Such power is vested in the Board of Public Works by virtue of the sections of the city charter above quoted. No third party's vested rights having intervened prior to the order rescinding the rejection of the bid, the board was authorized to reconsider and award the contract to petitioner. (*Doland* v. *Clark,* 143 Cal. 176, 178 [76 P. 958]; *Ross* v. *Stackhouse,* 114 Ind. 200 [16 N.E. 501].)

By reason of its compliance with all the requirements as to form and procedure the consummating contract with petitioner is a valid obligation of the municipality and the progress payments as provided thereby should be paid in conformance therewith.

The principles announced in *Niles* v. *Hancock,* 140 Cal. 157, 161 [73 P. 840], and *Standard Box Co.* v. *Mutual Biscuit Co.,* 10 Cal.App. 746 [103 P. 938], have no application. In each of them it was held that there was no valid contract because there had been no acceptance of the offer under consideration. In the case at bar the subsequent written contract signed by both parties is ample proof of their agreement. Section 1587 (2) is likewise inapplicable since it provides: "A proposal is revoked: . . . (2) by the lapse of time prescribed in such proposal for acceptance." The acceptance of the instant bid was within the three-month period prescribed by the city charter, section 386 (c).

Let the peremptory writ issue.

McComb, J., and Wilson, J., concurred.