[Crim. No. 1500. In Chambers.—December 30, 1908.]

Ex Parte FRANK KELLY, on Habeas Corpus.

CRIMINAL LAW.— CONDITIONAL PARDONS AND COMMUTATIONS OF SENTENCES—POWER OF GOVERNOR.—Since the power of the governor of the state to grant pardons and commutations of sentences is absolute under the constitution, except in cases of prior conviction, the power to annex to a pardon or commutation any reasonable condition, prior or subsequent, is implied upon the principle that the greater includes the less. There is no consideration of public policy standing in the way of this conclusion.

Id.—Commutation to Be Void on Subsequent Conviction of Felony.
—It is within the power of the governor to annex to a commutation
of sentence a condition, that if, after the day of discharge, the pris-
oner shall be convicted of any felony, the commutation shall be
void, and that, in addition to the penalty which may be imposed
for such felony, he shall be compelled to serve so much of the sen-
tence upon his original conviction as he had not served at the time
of his discharge.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the chief justice.

Frank Kelly, *in pro. per.*, for Petitioner.

BEATTY, C. J.—In April, 1897, the petitioner was sen-
tenced to a term of fifteen years' imprisonment in the Folsom
state prison for the crime of burglary. Under the law allow-
ing credits for good conduct—all of which he earned during
the period of his confinement—his term would have expired
on the fourteenth day of September, 1906. He was, however,
discharged from the prison on May 15, 1905, in obedience to a
conditional pardon or commutation of his sentence by Gov-
ernor Pardee. The condition of his release was stated in the
proviso: "that if, after said day of discharge, said Frank
Kelly shall be convicted of any felony, this commutation of
sentence shall become void, and, in addition to the penalty
which may be imposed for said felony, he shall be compelled
to serve so much of the sentence upon his aforesaid original
conviction as he had not served at the time of his discharge
under these presents." In January, 1907, the petitioner
was again convicted of a felony upon which he was sentenced
to a new term of two years' imprisonment at Folsom. This
term, less the credits earned and allowed under the statute,
had fully expired, but the petitioner was still detained by the
warden of the prison, when he commenced this proceeding.
The return to the writ shows that there is no warrant for his
further detention except the enforcement of the condition
stated in the above-quoted proviso of the governor's commuta-
tion.

The prisoner was not represented by counsel at the hearing,
but contended, in his own behalf, that the condition annexed
to the commutation of his first sentence became inoperative

from and after the fourteenth day of September, 1906, the date when that sentence expired by law; and, when in fact, its expiration was regularly entered in the records of the prison. He does not, as I understand his argument, question the power of the governor, in granting a commutation of a sentence of imprisonment, to annex a condition subsequent, violation of which within the unsatisfied portion of his term, will work a forfeiture, but he insists that after the full term has expired such a condition is also at an end.

This question, so far as I am advised, is entirely new. No authorities are cited, and I know of none. Regarded as an original proposition it seems reasonable to say, that since the power of the governor to grant pardons and commutations is absolute under the constitution, except in cases of prior conviction, the power to annex to a pardon or commutation any reasonable condition, prior or subsequent, is implied upon the principle that the greater includes the less. No consideration of public policy stands in the way of this conclusion, for such action by the governor is in perfect harmony with the policy of the parole system in force in this state, and is a useful and beneficial application of that policy to the class of cases in which the governor would be willing to exercise clemency if he could exact some security for the future good behavior of the prisoner.

I think the present detention of petitioner is not unlawful, and he is therefore remanded to the custody of the warden at Folsom.