H. A. KIRKPATRICK, Appellee, v. T. P. HOLLOWELL, Appellant.

**CONVICTS:** Parole—Power to Revoke. The board of parole may,
1 *after* the expiration of the term for which a convict was originally sentenced, revoke his parole and cause him to be reimprisoned for the purpose of serving the unexpired portion of his sentence.

**CRIMINAL LAW:** Punishment—Concurrent Running of Sentences.
2 The acceptance by a convict of a parole automatically *stops* the running of his sentence. It follows that, if the convict be convicted and imprisoned during the time he is on parole, his suspended sentence may not be said to run concurrently with the second sentence.

**CONSTITUTIONAL LAW:** Right to Justice—Revocation of Parole.
3 The legislature may validly delegate to the board of parole the power to issue paroles, to revoke the same, and to reincarcerate the accused in the penal institutions of the state until the unexpired portion of his sentence has been served.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

DECEMBER 14, 1923.

REHEARING DENIED APRIL 4, 1924.

ACTION in habeas corpus. The trial court discharged the plaintiff, and the defendant appeals. The facts appear in the opinion.—*Reversed.*

*Ben J. Gibson*, Attorney-general, *Maxwell A. O'Brien*, Assistant Attorney-general, *G. L. Norman*, County Attorney, *R. N.*

*Johnson,* Deputy County Attorney, and *C. C. Martin,* Assistant County Attorney, for appellant.

*Herminghausen & Herminghausen,* for appellee.

FAVILLE, J.—Appellant is the warden of the state penitentiary at Fort Madison. Appellee was convicted of a felony, in the district court of Wapello County, and was sentenced October 16, 1916, under the indeterminate sentence statute, for the maximum term of five years. He was confined in the reformatory at Anamosa under said sentence on October 18, 1916, and continued to serve his sentence by confinement in said reformatory until December 30, 1918. On the last named date, he was duly paroled by the board of parole.

1. CONVICTS: parole: power to revoke.

On July 7, 1919, while so on parole, appellee was convicted of the crime of grand larceny in Linn County, and on said date, was sentenced to the state penitentiary at Fort Madison, under the indeterminate sentence statute, for the maximum term of five years. He began service under the latter sentence on July 9, 1919. He earned "good time," under Code Section 5703, and his term of service under the Linn County sentence expired December 7, 1922. On October 14, 1922, the board of parole revoked the parole that had been granted to appellee under the sentence in Wapello County, and issued a warrant for his return to the reformatory. Pursuant to said warrant and order of arrest, appellee was arrested on December 7, 1922, and under order of the board of control was directed to be confined in the state penitentiary at Fort Madison, instead of in the reformatory. This action in habeas corpus was commenced on the 12th of July, 1923.

The answer to appellee's petition sets out the foregoing facts, and there are attached thereto the copies of the written instruments referred to in the answer. Appellee demurred to the said answer, and the demurrer was sustained.

I. It will be observed from the foregoing statement of facts that the parole issued to appellee was not revoked by the board of parole until after the term for which he was originally sentenced in Wapello County had fully expired. It is the conten-

tion of appellee that, under such circumstances, the board of parole had no power or authority whatever to revoke the parole that had been granted to appellee, and to order his arrest and reincarceration.

The precise question so presented has never before been before this court. The statute creating the board of parole of this state provides (Code Supplement, 1913, Section 5718-a13) that, with certain exceptions, "the court imposing a sentence of confinement in the penitentiary shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted." Under this statute, appellee was sentenced for the offense of grand larceny for the maximum term of five years.

Code Supplement, 1913, Section 5718-a18, provides:

"The board of parole shall have power to establish rules and regulations under which it may allow prisoners within the penitentiaries other than prisoners serving life terms to go upon parole outside of the penitentiary buildings, inclosures and appurtenances, but to remain while on parole in the legal custody of the wardens of the penitentiaries and under the control of the said board of parole and subject, at any time, to be taken back and confined within the penitentiary."

Said section also provides:

"The time when a prisoner is upon parole or absent from the penitentiary shall not be held to apply upon his sentence if he shall violate the terms of his parole."

Under these statutes, the board of parole entered into a "parole agreement," in writing, with the appellee, on or about December 30, 1918. By the terms of this agreement appellee was permitted to go outside the reformatory in which he was confined, to obtain employment elsewhere, and he agreed to comply with certain requirements of the board of parole with respect to his conduct, and to report to said board. The said parole agreement also provided:

"8. He [appellee] shall remain in the legal custody of the warden of the reformatory, and under the control of the board of parole.

"9. He shall be liable to be retaken and again confined

within the inclosure of the said reformatory for any reason that shall be satisfactory to the board of parole, and at its sole discretion, until he receives his final discharge.''

Had appellee remained in the reformatory, to which he was originally committed, without being paroled, his sentence would have fully expired before the order of revocation of his parole was entered by the board of parole. It is his contention that, when he was released from the reformatory by the board of parole, the authority of said board to revoke the parole was limited, in any event, to the maximum period of time for which he was sentenced, and that, after the expiration of said time, the board of parole had no authority whatever over him, and could not revoke his parole and order his arrest and further confinement in the penal institution.

The theory and purpose of the provisions of the statute creating the board of parole are to provide a means by which criminals may be temporarily released from confinement in penal institutions. Such laws have been adopted by Congress and by many of the states. One purpose of such statutes is to give the truly reformed criminal an opportunity to re-establish himself as a law-abiding citizen and as a useful member of society, and to permit him to have the opportunity so to do. All boards of · parole provide by rules and regulations for the conduct of prisoners so on parole, and for their general oversight during the term of parole. Under our statute, the paroled prisoner is permitted to go outside of the penal institution, under the terms and conditions imposed by the board of parole, and ''subject.at any time to be taken back and confined within the penitentiary.'' In a sense, it is quite proper to say that, during the period of parole, the sentence of confinement in the penitentiary is suspended, and by the express terms of the statute it is provided that ''the time when a prisoner is upon parole or absent from the penitentiary shall not be held to apply upon his sentence if he shall violate the terms of his parole.''

In the instant case, appellee did not serve the full term of his sentence, because of the fact that he was paroled. He violated the terms of the parole; therefore, under the statute, the time he was on parole should not be held to apply upon his sentence. It therefore was clearly within the statutory province

and power of the board of parole to revoke the parole that had been granted to appellee and to order his arrest and reincarceration; and he could be confined in the penitentiary for the full term of his sentence, less good time, if any, which might be allowed under the statute, but without receiving any credit on said sentence for the period of time he had been out on parole.

Our statute provides that a prisoner who is paroled by the board of parole is ''subject at any time to be taken back and confined within the penitentiary.'' What is the meaning of the statutory provision that a prisoner ''while on parole'' is ''subject at any time to be taken back and confined in the penitentiary?''

Section 5718-a20, Code Supplement, 1913, provides that it shall be the duty of the board of parole to keep in communication, so far as possible, with all prisoners who are on parole, and that, after a prisoner has served not less than twelve months of his parole acceptably, and the board of parole is satisfied that he is reliable and trustworthy and will continue to be a law-abiding citizen, and that his final release is not incompatible with the welfare of society, it may recommend to the governor the discharge of said prisoner from further liability under his sentence.

A parole has sometimes been referred to as a conditional pardon. It is not an absolute right, to which a prisoner is entitled. It is an act of grace, somewhat analogous to a pardon, but granted by the state through the instrumentality of an administrative board. It is a means afforded the prisoner, under certain restrictions and regulations, to leave a penal institution before the completion of his term. When he accepts such a parole, he takes it subject to the condition that it may be revoked and he may be returned to the institution to serve the remaining portion of his sentence. By the very terms of the statute, if he violates the terms of his parole, he loses all of the time that he has been released on parole, and must serve the full term of imprisonment provided by the statute, unless subsequently paroled or pardoned.

We think it would in a large measure defeat the very plan and purpose of the parole statute to hold that the board of parole loses all control of a paroled prisoner, and cannot order

his rearrest the moment that the full period of time of his sentence from the date of his incarceration has expired. The very language of the statute seems to negative such a proposition. It is expressly provided that the paroled prisoner is subject "at any time" while under parole to be returned to the institution, and it is expressly provided that, when he is so returned, the time that he has been without the prison shall not be held to apply upon his sentence.

In this case, appellee had been duly paroled by the board of parole, and before he had been discharged, violated the terms of his parole. It is contended by appellee that the board of parole must have known of the violation of the parole by the appellee and of his conviction of the second offense in Linn County; that this occurred within the five-year period for which appellee was originally sentenced; that, therefore, the board of parole was required to revoke appellee's parole, if at all, within the five-year period; and that the board could not do so after the expiration of said time.

The case is submitted upon a demurrer to the allegations of appellant's answer, and it is nowhere disclosed therein that the board of parole had any knowledge, official or otherwise, of the violation of appellee's parole during the five-year period of his sentence; but whether it did or not, as we view the statute, is wholly immaterial. The board cannot be estopped to revoke the parole because it failed to act promptly upon information. As we have suggested, the board of parole had the power to revoke the parole "at any time" after it was issued, and before the discharge of the prisoner from his sentence. They could have done so, if advised of its violation, within the five-year period of his original sentence. Under our statute, they can do it after the expiration of the five-year period, if the prisoner is still under parole and without discharge therefrom, and without pardon from the governor. As bearing somewhat on the conclusion herein announced, see *Arthur v. Craig*, 48 Iowa 264.

The identical question involved has been before the courts under statutes somewhat similar in effect to those of this state. As sustaining our contention, see *Anderson v. Corall*, 263 U. S. 193 (44 Sup. Ct. Rep. 43, 68 L. Ed. —); *Commonwealth v. Minor*, 195 Ky. 103 (241 S. W. 856); *State v. Yates*, 183 N. C. 753

(111 S. E. 337); *State v. Horne,* 52 Fla. 125 (42 So. 388); *State v. Barnes,* 32 S. C. 14 (10 S. E. 611); *Ex parte Ridley,* 3 Okla. Cr. 350 (106 Pac. 549); *Fuller v. State,* 122 Ala. 32 (26 So. 146); *Ex parte Hawkins,* 61 Ark. 321 (33 S. W. 106); *In re Cond. Discharge of Convicts,* 73 Vt. 414 (51 Atl. 10); *Ex parte Alvarez,* 50 Fla. 24 (39 So. 481); *Ex parte Kelly,* 155 Cal. 39 (99 Pac. 368); *People v. Coon,* 17 Misc. Rep. (N. Y.) 261.

A different conclusion has been reached in some jurisdictions, but the reasoning and conclusion of the courts so holding do not appeal to us as altogether persuasive. We are, however, disposed to align ourselves with the courts above cited, and to do so without hesitancy, especially in view of the express provisions of our statute. We therefore hold that the board of parole had power to revoke the parole of appellee after the expiration of the term for which he was originally sentenced, and then to order his arrest and reincarceration in the penal institution, to serve the unexpired portion of his sentence.

II. It is appellee's further contention, in support of the demurrer to the answer, that the sentence of the appellee under the conviction in Linn County ran concurrently with the prior sentence imposed in Wapello County, and that appellee, having served the full sentence (less good time) under the Linn County judgment, cannot now be imprisoned in any event under the Wapello County judgment. Appellee contends that the two sentences are concurrent, under Code Section 5439, which is as follows:

2. CRIMINAL LAW: punishment: concurrent running of sentences.

"If the defendant is convicted of two or more offenses, the punishment of each of which is or may be imprisonment, the judgment may be so rendered that the imprisonment upon any one shall commence at the expiration of the imprisonment upon any other of the offenses."

It is to be observed that the statute provides that the *imprisonment* upon any one judgment may be ordered to commence at the expiration of the *imprisonment* upon another judgment.

Under Code Supplement, 1913, Section 5718-a18, it is provided that:

"The time when a prisoner is upon parole or absent from

the penitentiary shall not be held to apply upon his sentence if he shall violate the terms of his parole.''

The prisoner was ''upon parole''' under his first sentence during the time he was serving the second sentence, within the purview of this statute. His parole had not been revoked. He was not serving any imprisonment under his first sentence at the time he was being imprisoned under the second. The terms of imprisonment did not and could not run concurrently, because there was then no imprisonment under the first sentence. It was suspended and, in a sense, in abeyance, while the second sentence was being served. The appellant was not entitled to be discharged from imprisonment under the sentence in Wapello County because of service of the term of imprisonment under the sentence in Linn County, under these conditions. There was no concurrent imprisonment. We find nothing in the record that would entitle the appellee to be discharged from the sentence imposed in Wapello County because of his service of a sentence under the judgment in Linn County during the time his parole was not revoked.

III. Appellee contends that the legislature cannot delegate to a board or commission the unlimited power to hold a prisoner in custody under the warden or under the board of parole, and

3. CONSTITUTIONAL LAW: right to justice: revocation of parole.

that, if the statute is so construed, it is unconstitutional.

In *Ware v. Sanders,* 146 Iowa 233, and *State v. Duff,* 144 Iowa 142, the statute in question has been held not to be unconstitutional. A similar statute in most of the states has been upheld. It is a sufficient answer to appellee's contention to state that, under the statute, the board of parole does not increase or fix the punishment, nor is there delegated to it any power to increase the term of punishment fixed by law. Under the statute, the board of parole has no power to increase the term of punishment; and that in practical operation no such result is obtained, is too obvious to require discussion.

We reach the conclusion that the trial court erred in sustaining appellee's demurrer to appellant's answer. The cause will be reversed and remanded to the trial court, with directions

to dismiss appellee's petition and to direct that the appellee be restored to the custody of appellant.

It is so ordered.—*Reversed and remanded.*

PRESTON, C. J., EVANS, ARTHUR, DE GRAFF, and VERMILION, JJ., concur.