[L. A. No. 11558. In Bank.—May 7, 1930.]

MADELINE FRANCES WILLS, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Hare & Walden for Appellant.

Erwin P. Werner, City Attorney, Sam H. Erwin, Deputy City Attorney, Gibson, Dunn & Crutcher, H. F. Prince, and A. M. Bradley, for Respondents.

PRESTON, J.—Plaintiff, her mother and brother, on March 28, 1899, conveyed to the City of Los Angeles for street purposes a strip of land across lots 1, 2, 3 and 4 in block E of Fort Hill tract as per official map, with the object of promoting the construction thereunder of what is known as Broadway tunnel in said city. The validity of the following provisions of said deed furnishes the sole issue upon this appeal: "1. That no right or franchise for a street railroad over said right of way be given by party of the second part, and that the same shall not be used for street railway purposes; and also 2. It is expressly understood and provided that upon the breach of any of the above conditions this deed shall be null and void, and the parties of the first part shall have the right to enter upon the premises conveyed and to hold and own the same as fully as if this conveyance had not been made."

This deed was duly recorded on April 18, 1899, and thereafter the projected tunnel was constructed and became a portion of Broadway Street leading from Temple Street through said tunnel to Sunset Boulevard. On October 6, 1925, defendant railway corporation applied to the city for a franchise to construct tracks on said street leading to and through said tunnel, which franchise was duly granted on January 22, 1926. Thereafter said corporation built a roadway and constructed double tracks thereon for the purpose of operating its street railway cars in said tunnel and under said land described in said deed. Thereafter, and on February 25, 1926, plaintiff, having succeeded to the remaining estate in said lots, served notice upon the city declaring the forfeiture of all rights held and purported to be held by it under and by virtue of said deed, and declaring said conveyance to have become null and void because of said violation of the conditions thereof hereinabove set forth. This notice was followed on March 17, 1926, by the present suit in the form of an ordinary action to quiet title, with the usual prayer that it be declared that defendants have no estate or interest in said property and that they be enjoined

from asserting any interest therein. Defendants filed separate answers, traversing the allegations of the amended complaint. The cause was tried upon a written stipulation of facts, substantially as hereinabove set forth. The court held said provisions void; judgment passed for defendants and plaintiff has appealed.

We thus have before us solely the question of the right of plaintiff and appellant to equitable relief under the provisions of said deed.

█ Appellant bases her claim for a reversal of the judgment on the well-understood doctrine that contracts of a city or state, when exercising other than governmental functions and within its charter powers, are construed by the same rules that govern the contracts of private parties. This principle is expressed in *Brown* v. *Town of Sebastopol*, 153 Cal. 704, 709 [19 L. R. A. (N. S.) 178, 96 Pac. 363, 365], as follows: "But it is a well-settled principle, applicable alike to the states and the United States, that whenever a government descends from the plains of sovereignty and contracts with parties, such government is regarded as a private person itself, and is bound accordingly. A state in its contracts with individuals must be judged and must abide by the same rules which govern individuals in similar cases, and when such a contract comes before a court the rights and obligations of the contracting parties will be adjudged upon the same principles as if both contracting parties were private persons." See, to the same effect, 3 Dillon on Municipal Corporations, 5th ed., sec. 979; 18 Cal. Jur., p. 1000, sec. 272.

But this doctrine has no application to a situation where property is conveyed outright for street purposes with a condition imposed to the effect that it may not on penalty of forefeiture be used for certain well-known street purposes, for example, for street railway traffic. █ The control of the streets of the city is a purely governmental process, involving the exercise of legislative authority under the police and other powers conferred by law. █ It is too obvious for extended argument that one individual who has conveyed his property for a governmental purpose may not on penalty of forfeiture sit in judgment over the exercise of that governmental function. If a certain governmental use does the remaining property of the dedicator a special injury,

provided against in the document of dedication, the doors of the law court alone, if any, are open to him. Equitable relief such as here sought cannot for a moment be applied. The control of the streets and the proper location and regulation of street railways thereon are the chief concerns of a city. No individual can by contract reserve the right to control the use of a street when once the dedication for that purpose is made.

■ The doctrine is everywhere to the effect that such conditions in the dedication are repugnant to the grant and, therefore, void, leaving the grant in full and unrestricted operation. The principle announced in section 1441 of the Civil Code seems applicable here, to wit: "A condition in a contract, the fulfillment of which is impossible or unlawful, within the meaning of the article on the object of contracts, or which is repugnant to the nature of the ·interest created by the contract, is void."

In *Finch* v. *Riverside etc. Co.*, 87 Cal. 597, 598 [25 Pac. 765], it is said: "The dedication of a street to public use authorizes any ordinary use for street purposes; and the use of a street in a city or town for the tracks of a street-car company is of this class and is therefore authorized."

Elliott on Roads and Streets, 4th edition, volume 1, page 186, section 163, uses this language: "A condition or limitation which would render the dedication ineffectual cannot be annexed; thus, a man cannot reserve possession to himself, nor reserve a right to do anything in the way (street) which will destroy its character as a public way."

Dillon on Municipal Corporations, 5th edition, volume 3, pages 1697, 1698, section 1075, disposes of the question as follows: "And the conditions imposed must always *be consistent with the purpose* to which the lands are dedicated, and with the control thereof by the proper public authorities. Thus, the proprietor cannot confer upon a county or extraneous corporation the control of streets in a · city, and deprive the proper municipal corporation of the control given to it by law. If an *invalid* condition is annexed to the dedication, it has been held that *the condition only is void,* and that the grant or dedication is not affected thereby."

A few further citations may here be given which exemplify the distinction between contracts which merely involve the proprietary or business functions of the municipality and

those which attempt to curtail or prohibit its legislative or administrative authority. The former being valid, the latter are uniformly invalid. In 44 Corpus Juris, pages 73, 74, section 2129, it is said: "Since it (the city) cannot surrender its governmental or legislative functions, a municipality cannot make contracts which will embarrass or control its legislative powers and duties, or which amount to an abrogation of its governmental function or of its police power. . . . "

The case of *State ex rel. Townsend* v. *Board of Park Commrs.*, 100 Minn. 150 [9 L. R. A. (N. S.) 1045, 110 N. W. 1121], expresses the doctrine in these words: "it is also elementary that a municipality, acting through its legislative body, has no power to enter into contracts which curtail or prohibit an exercise of its legislative or administrative authority over streets, highways, or public grounds, whenever the public good demands that it should act." Said case specifies the kind of cases in which the city will be bound by its contracts by use of the following language: "Contracts involving proprietary or business functions are upheld, . . . " In an extended note to this case, the annotator states the doctrine as follows: "The authorities are well settled upon the proposition that a municipality cannot, by contract or otherwise, lawfully devest itself of the free exercise by it of its legislative functions. Applying this principle to the question under consideration, it is clear that it cannot, in receiving land either by dedication or by contract, make any agreements with the dedicator or grantor in reference to the property so acquired which will thereby devest or embarrass it in the exercise of its legislative powers."

The judgment is affirmed.

Waste, C. J., Shenk, J., Seawell, J., and Curtis, J., concurred.

Rehearing denied.