[S. F. No. 18523. In Bank. July 9, 1952.]

JOHN D. GREEN, Appellant, v. WALTER A. GORDON et al., Respondents.

Elizabeth Cassidy for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondents.

GIBSON, C. J.—In 1932, petitioner was convicted of murder and sentenced to death. After affirmance of the conviction (*People* v. *Green*, 217 Cal. 176 [17 P.2d 730]), Governor Rolph commuted the sentence to "life imprisonment without parole." Because of the terms of the commutation, the Adult Authority has refused to entertain petitioner's application for parole.

The superior court issued an order to show cause why mandate should not be granted to compel the Adult Authority to consider petitioner's application.* The return consisted of a general demurrer to the petition, and at the hearing thereon the court rendered a judgment of dismissal, from which petitioner has appealed.

He contends that by issuing the order to show cause the trial court passed upon the sufficiency of the petition and

---

*Although habeas corpus may be used to test the validity of the terms of a commutation (*In re Collie*, 38 Cal.2d 396, 397-398 [240 P.2d 275], a petitioner may also use mandate to compel the Adult Authority to entertain an application for parole if it has wrongfully refused to pass on the application. (*Cf. Hollman* v. *Warren*, 32 Cal.2d 351, 355 [196 P.2d 562]; *Lindell Co.* v. *Board of Permit Appeals*, 23 Cal.2d 303, 315 [144 P.2d 4].)

thereafter had no power to dispose of the matter without making express findings on the issues presented. ■ An order to show cause is in the nature of a citation to a party to appear at a stated time and place to show why the requested relief should not be granted. (See *Difani* v. *Riverside County Oil Co.*, 201 Cal. 210, 213-214 [256 P. 210].) ■ Obviously, a showing on general demurrer that the petition does not state sufficient facts to justify relief is a complete answer to an order to show cause, and the court is then warranted in discharging the order and dismissing the proceeding.

We recently held that a commutation of sentence is in the nature of a favor which, under article VII, section 1, of the Constitution, may be withheld entirely or granted upon such reasonable conditions, restrictions and limitations as the governor may think proper, that the general statutory regulations relating to parole (Pen. Code. § 3040 et seq.) did not amount to an attempt to interfere with the governor's power, and that the withholding of parole upon the commutation of a death sentence to life imprisonment was not unreasonable. (*In re Collie*, 38 Cal.2d 396, 398-399 [240 P.2d 275].) ■ It is, of course, a possibility that in some types of cases the terms of a commutation may be more objectionable to the prisoner than the punishment fixed by his sentence, and a commutation may not be imposed on him without his consent. (*Cf. In re Peterson*, 14 Cal.2d 82, 84-85 [92 P.2d 890].) If he accepts the commutation, however, he must take it subject to the specified conditions. ■ Thereafter the validity of the conditions depends on their reasonableness and the condition imposed here must be held to be a reasonable one. (See *In re Collie, supra.*)

■ Petitioner concedes that the Legislature cannot interfere with the governor's power to commute a sentence of death, but he claims that the Legislature has exclusive control over penalties for crimes, and that the punishment which has been provided for first degree murder is either death or life imprisonment with the possibility of parole. He argues that the governor cannot impose a different punishment, i.e., imprisonment for life without the possibility of parole. The penalties prescribed by statute, however, are the ones to be imposed by the trial court upon conviction of murder, and the statutory provisions relating to such penalties and the right to parole do not purport to limit

the governor's power to impose conditions upon a commutation of sentence. (See Pen. Code, §§ 190, 3040 et seq.)

The judgment is affirmed.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

While the holding of the majority of this court in this case is in accord with *In re Collie*, 38 Cal.2d 396 [240 P.2d 275], I have concluded that the last mentioned case was erroneously decided and should therefore be overruled. In my opinion the legal principle here involved is comparatively simple. Article VII, section 1 of the Constitution of California was adopted in 1879. At that time there was no parole law in this state, the first parole law having been enacted in 1893 (Stats. 1893, p. 183). It is therefore obvious that when article VII, section 1, was adopted it was not contemplated that the governor would have power to impose as a condition of commutation of sentence that the prisoner whose sentence was commuted should not be eligible to parole.

Section 7 of article X of the Constitution was adopted in 1936, and in 1940 was amended to read as follows: *"Notwithstanding anything contained elsewhere in this Constitution*, the Legislature may provide for the establishment, government, charge and superintendence of all institutions for all persons convicted of felonies . . .

"All existing statutes and constitutional provisions, purporting to create such institutions or such agencies or officers or boards, to so delegate such government, charge and superintendence, to so prescribe such powers, duties, or functions, or to so provide for such *punishment, treatment or supervision* are hereby ratified, validated and declared to be legally effective until the Legislature provides otherwise."

It is under the latter provision of the Constitution which was amended in 1940 that the Legislature has power to provide for the parole of prisoners. The Legislature has provided for a uniform system of parole (see Pen. Code, §§ 3040 et seq.) and a person sentenced to a life term in the penitentiary is eligible to parole after seven years confinement in prison (see Pen. Code, § 3046). The power of the Legislature to adopt such provision is conferred by section 7 of article X of the Constitution "notwithstanding anything

contained elsewhere in this Constitution'' which would include anything contained in section 1 of article VII of the Constitution, adopted long prior to section 7 of article X of the Constitution and the parole law.

I think it is clear, therefore, that when section 7 of article X was framed, it was contemplated that the Legislature should have power to provide for a parole system which would apply to all persons convicted of felonies, and that the Governor should not have power to nullify the parole law by imposing as a condition of commutation of sentence that a prisoner should not be eligible for parole. It seems clear to me that if the governor has the power to impose such a condition when commuting a death sentence to life imprisonment, he may likewise impose such a condition when commuting a life or other lesser sentence to a lesser term of years. For instance, the governor could commute a life sentence to 50 years without possibility of parole for 25 years or any other period and thus deprive a prisoner of his right to apply for parole until he had served such time instead of only seven years as provided by statute. Under such a rule a governor could destroy the uniform operation of any system of parole, at least in its application to life termers.

While I think it is clear that it was not the intention of the framers of section 7 of article X of the Constitution to interfere with the governor's power under section 1 of article VII of the Constitution ''to grant reprieves, pardons, and commutations of sentence, after conviction, for all offenses except treason and cases of impeachment, upon such conditions, and with such restrictions and limitations, as he may think proper,'' I do not think that it was contemplated that the governor could impose conditions, restrictions or limitations contrary to express statutory provisions which were enacted by the Legislature pursuant to a subsequent constitutional grant of power to the Legislature. Punishment for crime should be fixed by legislative act and not executive fiat.

It also appears to me that to so construe our constitutional and statutory provisions is to make it possible for the governor to create a situation where a prisoner such as petitioner here is denied equal protection of the law in violation of the 14th Amendment to the Constitution of the United States.

I would, therefore, reverse the judgment.