John D. GREEN, also known as Jack D. Green, Petitioner and Appellant,

v.

Harley O. TEETS, Warden of the California State Prison at San Quentin, Respondent and Appellee.

Misc. No. 634.

United States Court of Appeals Ninth Circuit.

April 5, 1957.

402

Elizabeth Cassidy, San Francisco, Cal., for petitioner-appellant.

Edmund G. Brown, Atty. Gen., State of California, for respondent-appellee.

Before BONE, FEE and BARNES, Circuit Judges.

BONE, Circuit Judge.

Petitioner's petition for a Writ of Habeas Corpus was denied in the United States District Court for the Northern District of California. His petition to that court for a certificate of probable cause to appeal to this Court, as required by 28 U.S.C.A. § 2253, was also denied. Following these denials, peti-

tioner's counsel moved this Court "for the issuance of a Certificate of Probable Cause on Appeal * * *." As permitted under rules of this Court [1] this motion was heard by a division of three judges.

In 1932, in a case tried to a jury, petitioner was found guilty of murder in the first degree in a California court. The jury, by its verdict, fixed the penalty at death. This conviction and sentence was affirmed, People v. Green, 1932, 217 Cal. 176, 17 P.2d 730. On January 4, 1934, Governor Rolph of California commuted "* * * the sentence of Jack D. Green from death to life imprisonment upon the conditions and with the restrictions, however, that he shall be confined in the state penitentiary at San Quentin for the remainder of his natural life and that he shall never be eligible for release upon parole and that he shall never be entitled to and shall never apply for his release from such imprisonment upon parole, nor shall his release upon parole be ever authorized or granted by any of the authorities of the State of California."

Because of the terms and conditions of this commutation of sentence, the Adult Authority of California refuses to entertain petitioner's application for parole, which action led to the filing of the petition for habeas corpus in the District Court.

In his petition for Writ of Habeas Corpus, petitioner alleged that his confinement without possibility of parole is "* * * contrary to and in violation of due process of law, equal protection of the law and privilege and immunities of the law clauses of the Fourteenth Amendment to the Constitution of the United States, and Article I, Section 13 of the Constitution of the State of California * * *; he is also undergoing cruel and unusual punishment in viola-

1. Rule 15(5), 28 U.S.C.A. reads, "In cases arising under 28 U.S.C.A. § 2253 where the motion for a certificate of probable cause is addressed to this court, it may be acted upon by any of its circuit judges to whom it is referred by the clerk. Such judge, if he so desires, may summon two other circuit judges to consider the motion with him." See In re Application of Burwell, 1956, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666; Application of Burwell, 9 Cir., 1956, 236 F.2d 770, 771.

tion of the Eighth Amendment to the Constitution of the United States and of the provisions of Sec. 190 of the Penal Code of the State of California." These allegations were made because, so petitioner contends, the State Legislature alone may provide penalties for crimes, and the Legislature has imposed as penalties for first degree murder either the death penalty, or life imprisonment with possibility of parole. It is further alleged in his petition for the Writ that the Governor cannot impose a different punishment, that is, imprisonment for life without the possibility of parole.

Apparently petitioner has advanced the same arguments to the California state courts in the exhaustion of his state remedies. Green v. Gordon, Cal. App.1951, 236 P.2d 611, affirmed Green v. Gordon, 1952, 39 Cal.2d 230, 246 P.2d 38, certiorari denied, 1952, 344 U.S. 886, 73 S.Ct. 187, 97 L.Ed. 686. The California Supreme Court said that commutation is in the nature of a favor to which reasonable conditions could be attached or imposed, and that the statutory regulations relating to penalties and paroles " * * * do not purport to limit the governor's power to impose conditions upon a commutation of sentence." Green v. Gordon, 1952, 39 Cal.2d 230, 232–233, 246 P.2d 39.

A State Supreme Court has the final say on the construction and meaning of state statutes and constitutions. Watson v. Buck, 1941, 313 U.S. 387, 401, 61 S.Ct. 962, 85 L.Ed. 1416; Morgan v. Horrall, 9 Cir., 1949, 175 F.2d 404, 407, certiorari denied, 1949, 338 U.S. 827, 70 S.Ct. 76, 94 L.Ed. 503; Duffy v. Wells, 9 Cir., 1952, 201 F.2d 503, 505, certiorari denied Wells v. State of California, 1953, 346 U.S. 861, 74 S.Ct. 74, 98

L.Ed. 373. As we have noted, the above contentions of petitioner were presented to the California courts, and these courts fully considered them. The interpretation of the California Constitution and statutes " * * * is not to be disturbed in the absence of a clear and convincing showing of a violation of appellant's rights under the Federal Constitution." Morgan v. Horrall, supra.

We are persuaded that petitioner has made no showing of a violation of his rights under the Federal Constitution. See Solesbee v. Balkcom, 1950, 339 U.S. 9, 11–12, 70 S.Ct. 457, 458, 94 L.Ed. 604, where the Court said:

" * * * The power to reprieve has usually sprung from the same source as the power to pardon. Power of executive clemency in this country undoubtedly derived from the practice as it had existed in England. Such power has traditionally rested in governors or the President, although some of that power is often delegated to agencies such as pardon or parole boards. Seldom, if ever, has this power of executive clemency been subjected to review by the courts. See Ex parte United States, 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129, and cases collected in Note, 38 L.R.A. 577, 587."

Cf. Fleenor v. Hammond, 6 Cir., 1941, 116 F.2d 982, 986, 132 A.L.R. 1241 (pardon of state prisoner); Francis v. Lyman, 1 Cir., 1954, 216 F.2d 583, 586 (" * * * the right of a convicted prisoner to be released on parole is not a right secured by the Constitution of the United States, but is a matter entirely of state law.").

A certificate of probable cause is denied.