

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 8, 1971

Honorable A. C. Turner, Chairman
Board of Pardons and Paroles
John H. Reagan Building
Austin, Texas   78701

Opinion No. M-833

Re: Does the condition attached
to commutation "that subject
never become eligible for
clemency of any type at any
future date" preclude parole?

Dear Mr. Turner:

You have recently requested an opinion of the following facts:

"On the 9th Day of January, A.D., 1953,
Governor Allan Shivers commuted the sentence
of Robert Ernest Miers, Execution #366,
from a death sentence to life imprisonment
in the Texas Department of Corrections 'con-
ditioned that subject shall never become eli-
gible for clemency of any type at any future
date'.

"This Board is considering parole for this
subject, but we feel we should obtain an of-
ficial opinion of the Attorney General that
will answer the following question:

"Does the condition attached to commuta-
tion 'that subject shall never become eligible
for clemency of any type at any future date'
preclude parole under the provisions of Article
781B, Code of Criminal Procedure."

Article 781b is now 42.12 of Vernon's Code of Criminal
Procedure, under which executive clemency is now granted.

-4032-

Since the year 1936, under the provisions of the Constitution of Texas, Article IV., Section 11, the power to grant commutation of sentence and pardons is vested in the Governor to be granted "on the written signed recommendation and advice of the Board of Pardons and Paroles, . . ."

The photostatic copy of the Governor's proclamation attached to your request for an opinion reflects that on January 9, 1953, the Board of Pardons and Paroles recommended that Robert Ernest Miers be granted the commutation of his death sentence to life imprisonment in the Texas penitentiary.

Commutation has been defined to mean "the change of the punishment assessed to a less severe one. It differs from a pardon in that it may be imposed without the consent of the convict or against his will." See Ex Parte Lefors, 303 S.W.2d 394 (Tex.Crim. 1957).

The commutation recommended by the Board of Pardons and Paroles was a form of clemency greater than the conditional commutation of sentence granted by the Governor. Commutation of the death sentence to life imprisonment alone would have made Miers eligible for parole after serving twenty (20) calendar years. Art. 42.12, Sec. 15, V.C.C.P. The commutation that was granted by Governor Allan Shivers was that Miers' death sentence would be commuted to life imprisonment conditioned that he never become eligible for clemency of any type at any future date. The Constitution of Texas, Article IV., Section 11, relating to the recommendations and advice of the Board of Pardons and Paroles to the Governor should not be confused with the right of the Governor to grant under the authority given him by the Constitution, commutations, paroles, pardons, or any other form of clemency that he deems advisable; for there is a marked legal distinction between the power of the Board to recommend or advise the Governor and the Governor's power to follow said recommendation. Art. 42.12, Sec. 33, V.C.C.P., provides as follows: "The provisions of this Act shall not be construed to prevent or limit the exercise by the Governor of powers of executive clemency vested in him by the Constitution of this State."

In Ex Parte Lefors, supra, the Court had before it a question arising in the construction of a proclamation wherein the Board of Pardons and Paroles had recommended to the GGovernor the commutation of a ten year sentence to time served. The Governor, however, by virtue of the authority vested in him under the

Constitution granted a conditional pardon conditioned upon
several conditions set forth in the proclamation.  Lefors
was later arrested for having violated one of the conditions
of his parole.  On habeas corpus to the Court of Criminal
Appeals, Lefors contended that he was entitled to discharge
from custody because the Governor had not followed the re-
commendations of the Board of Pardons and Paroles.  In up-
holding the Governor's power to grant a lesser clemency than
recommended by the Board of Pardons and Paroles the Court stated
on rehearing as follows:

> "The majority are committed to the rule that
> the greater includes the lesser and the Governor
> may grant a lesser included form of clemency than
> recommended by the Board of Pardons and Paroles
> but may not constitutionally grant a greater form."
> 303 S.W.2d at page 400.

In Ex Parte Redwine, 236 S.W. 96 (Tex.Crim. 1921), the Court
of Criminal Appeals stated as follows:

> "We are of the opinion that, in the exer-
> cise of executive clemency to one convicted of
> a felony, the Governor may impose such con-
> ditions as he sees fit, and this may be done
> by direct expression or by reference and im-
> plication, and, as has often been said, it is
> only when the conditions are illegal, immoral,
> or impossible of performance that any question
> concerning them can be raised in the court."

In 67 C.J.S. at page 585, we find the following:

> "Under statutes so providing, the power of
> prison authorities with respect to commutation
> of sentence is limited merely to recommending
> such action to the Governor; and the acceptance
> of such recommendation as to commutation and
> the amount thereof is a matter wholly within
> the discretion of the Governor."

At 67 C.J.S., page 588, we also find:

> "In granting a conditional commutation, the
> authorized pardoning officer may impose such
> conditions, restrictions, and limitations as

he may think proper, provided they are not
illegal, immoral, forbidden by law, or im-
possible of performance; and the condition
may be either precedent or subsequent."

In applying the above rule, various conditions have been
held proper.  In the case of Ex Parte Davenport, 7 S.W.2d 589
(Tex.Crim. 1927), it appears that a person who was convicted
of murder, and sentenced to imprisonment for a term of ninety-
nine years, was pardoned by the Governor on the condition that
he be confined in some state or private hospital for the insane,
and in case he was not so confined the pardon could be revoked
by the Governor.  The pardon was later revoked by the Governor
on the ground that the condition had not been complied with.
The Court held that the Governor, in issuing the conditional
pardon, reserved the right to revoke it on non-compliance with
the conditions named, and was privileged to do so without judi-
cial inquiry into the breach.  This condition was not unreasonable.

In Ex Parte Collie, 240 P.2d 275, cert.den. 73 S.Ct. 1145,
345 U.S. 1000, 97 L.Ed. 1406 (1952), the Supreme Court of the
State of California had before it an Application for Writ of
Habeas Corpus wherein the Petitioner (Collie) attacked the
validity of a condition imposed upon the commutation of his
death sentence to life imprisonment that he should never be
eligible for parole.  The Supreme Court, speaking through Chief
Justice Gibson, held that "a commutation is in the nature of a
favor which may be withheld entirely or granted upon such reason-
able conditions, restrictions and limitations as the Governor may
think proper."  He then went on to hold the condition was reason-
able.

In Green v. Gordon, 246 P.2d 38, cert.den. 73 S.Ct. 187,
344 U.S. 886, 97 L.Ed. 1406 (1952), the Supreme Court of Cali-
fornia once again had before it a mandamus action by a person
convicted of first-degree murder whose sentence of death was
commuted to life imprisonment without parole.  The Court held
that the commutation of sentence was in the nature of a favor
which could withhold entirely or grant upon such reasonable
conditions, restrictions and limitations as the Governor may
think proper.

While it has been held that such a conditional commutation
of sentence as is involved in this case is valid, the terms
of the commutation by one governor cannot prohibit his successor

from changing or modifying its provisions.  As was stated in Ex Parte Collie, supra, at page 276:

> "The terms of the commutation purport to prevent a subsequent governor from granting petitioner permission to apply for parole, but it is clear that one governor has no power to prohibit his successors from changing a commutation of sentence or modifying its provisions.  It is the general rule that one legislative body cannot limit or restrict its own power or that of subsequent Legislatures and that the act of one Legislature does not bind its successors. . . A similar rule should apply to the head of the executive branch of state government.  Accordingly, the present commutation cannot be given effect as a restriction on the power of later governors to grant further executive clemency."

In answer to your question, the conditional commutation of sentence by Governor Allan Shivers cannot be given effect as a restriction on the power of a later governor to grant further executive clemency upon the written signed recommendation and advice of the Board of Pardons and Paroles.  The doctrine of consistent interpretation of executive clemency requires that the present governor give great weight to the reasons that compelled a prior governor to act.

## SUMMARY

The conditional commutation of sentence by one governor is not binding on a later governor's power to grant further executive clemency or parole upon the written recommendation and advice of the Board of Pardons and Paroles under Article 42.12, Vernon's Code of Criminal Procedure.  However, the present governor, in considering the recommendation of the Board of Pardons and Paroles, may examine all circumstances relating to the prisoner's confinement and sentence commutation.  The doctrine of consistent interpretation of executive clemency requires that the present governor give great weight to the reasons that compelled a prior governor to act.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By _____
NOLA WHITE
First Assistant

Prepared by Gilbert Pena
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ben Harrison
Sam Jones
Jim Broadhurst
John Reese

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant