[Civ. No. 67641. Second Dist., Div. Three. Mar. 23, 1984.]

COUNTY OF LOS ANGELES et al., Plaintiffs and Respondents, v.
THE STATE OF CALIFORNIA, Defendant and Appellant.

COUNSEL

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, S. Clark Moore and N. Eugene Hill, Assistant Attorneys General and Martin H. Milas, Deputy Attorney General, for Defendant and Appellant.

John N. Larson, County Counsel, Donald K. Byrne, Chief Deputy County Counsel, Lawrence B. Launer, Principal Deputy County Counsel, Kenneth L. Nelson, County Counsel, and Don H. Vickers, Deputy County Counsel, for Plaintiffs and Respondents.

## OPINION

DANIELSON, J.—Appellant, the State of California (the State), appeals from a judgment granting a peremptory writ of mandate commanding the State to comply with Revenue and Taxation Code section 2201 et seq. and with Statutes 1974, chapter 1392, section 3, by reimbursing respondent Counties of Los Angeles and Santa Barbara (the Counties) for all costs incurred by them in implementing the mandate contained in said chapter 1392 and restraining the State from implementing an offset against any moneys due the Counties to recover the amount of loans the State had made to the Counties to implement the mandate of said chapter 1392 until the Counties are completely reimbursed for all of their costs for implementing that mandate. We affirm.

### FACTS

Statutes of 1974, chapter 1392, (Gov. Code, § 23300 et seq.) established procedures for the creation of new counties. Those procedures imposed state-mandated local costs for 1975-1976 and succeeding years. ". . . [T]here are state-mandated local costs in this act in 1975-76 and subsequent years that require reimbursement under Section 2231 of the Revenue and Taxation Code which can be handled in the regular budget process." (Stats. 1974, ch. 1392, § 3, p. 3039.)

Subsequent to the 1974-1975 fiscal year, the Counties incurred state-mandated costs pursuant to chapter 1392 in connection with the defeat of four proposed new counties. The Legislature, however, has refused to appropriate sufficient moneys to reimburse the Counties in the regular budget process. Rather, the Counties were directed to file their claims with the State Board of Control. They did so, but the board declined to take action indicating that because the Legislature had already determined that a state mandate requiring reimbursement existed, the Board had no jurisdiction to act.

A portion of the costs incurred by the Counties was financed by loans from the State's County Formation Revolving Fund (Gov. Code § 23344). When the State threatened to offset the loans against funds it owed the Counties, the Counties brought suit seeking to compel the State to reimburse

the costs incurred and to prevent the offset. The superior court rendered judgment for the Counties. The State appealed.

CONTENTIONS

The State contends that California Constitution, article XIII B, section 6, subdivision (c) (adopted November 6, 1979; effective July 1, 1980), permits the Legislature to exercise its discretion in deciding whether to reimburse local governments for costs flowing from mandates enacted prior to January 1, 1975, and that the Legislature has chosen not to reimburse the Counties at the present time for the full amount of costs incurred in the case at bench.

The Counties contend that the Legislature has a statutory duty to provide reimbursement for costs flowing from mandates enacted after January 1, 1973. They claim that Revenue and Taxation Code sections 2231 and 2207, when read together, establish a statutory duty of reimbursement. The Counties further claim that these statutes are not in conflict with the state Constitution. They reason that when the Legislature amended Revenue and Taxation Code section 2207 in 1980 by adding new subdivisions (d) through (h), it did not modify those subdivisions of section 2207 that required it to reimburse local governments for state mandates enacted after January 1, 1973, thus reaffirming its reimbursement obligation. The Counties conclude that in so doing the Legislature exercised its constitutional discretion to require itself to provide reimbursement.

DISCUSSION

Revenue and Taxation Code section 2231, subdivision (a), requires the state to "reimburse each local agency for all 'costs mandated by the state', as defined in Section 2207." Section 2207, subdivision (a), defines such costs as "any increased costs which a local agency is required to incur as a result of . . . [a]ny law enacted after January 1, 1973, which mandates a new program or an increased level of service of an existing program . . . ." As we have seen, chapter 1392 does include such state-mandated local costs.

In 1979 the electorate approved Proposition 4, adding article XIII B, section 6, to the California Constitution to provide for reimbursement by the State to local governments for the costs of new programs or higher levels of service mandated by the State. The Counties contend that the new constitutional provision calls for discretionary reimbursement by the Legislature for costs incurred by the Counties in implementing chapter 1392. The constitutional provision reads, in part: "Wherever the Legislature . . . mandates a new program or higher level of service on any local government, the state shall provide a subvention of funds to reimburse such local gov-

ernment for the costs of such program or increased level of service, except that the Legislature may, but need not, provide such subvention of funds for . . . Legislative mandates enacted prior to January 1, 1975 . . . ." (Cal. Const., art. XIII B, § 6, subd. (c); effective July 1, 1980.)

In 1980, after the adoption of article XIII B, section 6, the Legislature amended Revenue and Taxation Code sections 2207 and 2231. In so doing, the Legislature retained the requirement that the State reimburse local governments for costs such as those incurred in implementing chapter 1392.

The Counties point to the well settled rule that "failure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect." (*Kusior* v. *Silver* (1960) 54 Cal.2d 603, 618 [7 Cal.Rptr. 129, 354 P.2d 657]; *Orr* v. *Superior Court* (1969) 71 Cal.2d 220, 226 [77 Cal.Rptr. 816, 454 P.2d 712].)

Relying on Government Code section 9605, the State argues that the mere reenactment of a statute without change does not necessarily constitute legislative reapproval of the unaffected provisions. Section 9605 provides, in part: "Where . . . part of a statute is amended, . . . [t]he portions which are not altered are to be considered as having been the law from the time when they were enacted; the new provisions are to be considered as having been enacted at the time of the amendment. . . ."

The State concludes that Revenue and Taxation Code section 2207, subdivision (a), to the limited extent it relates to pre-1975 mandates, is inoperative because it conflicts with the state Constitution, and that the discretion granted to the Legislature regarding pre-1975 mandates is to be applied on a case by case basis.

In determining the Legislature's intent in enacting its 1980 amendments, we look to the new provisions of section 2207. The amendment added subdivisions (d) through (h), expanding the definition of "costs mandated by the State" to include particular situations and in each case referred to statutes enacted after January 1, 1973.[1]

---

[1]Subdivisions (d) through (h) provide as follows: "(d) Any statute enacted after January 1, 1973, or executive order issued after January 1, 1973, which implements or interprets a federal statute or regulation and, by such implementation or interpretation, increases program or service levels above the levels required by such federal statute or regulation. (¶) (e) Any statute enacted after January 1, 1973, or executive order issued after January 1, 1973, which implements, or interprets a statute or amendment adopted or enacted pursuant to the approval of a statewide ballot measure by the voters and, by such implementation or interpretation, increases program or service levels above the levels required by such ballot measure. (¶) (f) Any statute enacted after January 1, 1973, or executive order issued after

We find that the adoption, in subdivisions (d) through (h), of January 1, 1973, the same date that is specified in subdivision (a), to be indicative of and consistent with an intent by the Legislature to reaffirm its statutory obligation to reimburse local agencies for the costs defined in subdivision (a). We conclude that this reaffirmance constituted the exercise of the legislative discretion authorized by article XIII B, section 6, subdivision (c), of the California Constitution.

■ We recognize that the legislative power of the state is vested in the Legislature, except that which is reserved to the people by way of initiative (Cal. Const., art. IV, § 1); and that one legislature cannot limit or restrict its own power or that of successor legislatures. (*In re Collie* (1952) 38 Cal.2d 396, 398 [240 P.2d 275], cert. den. *sub nom. Collie* v. *Heinze* (1953) 345 U.S. 1000 [97 L.Ed. 1406, 73 S.Ct. 1145].) ■ However, the mandatory provisions of Revenue and Taxation Code section 2231 do not restrict legislative power. The Legislature remains free to amend or repeal section 2231 as it applies to pre-1975 legislative mandates. (*Ibid*; *United Milk Producers* v. *Cecil* (1941) 47 Cal.App.2d 758, 764-765 [118 P.2d 830].) Until that time, the Legislature must not ignore the requirements of existing legislation.

### DECISION

The judgment is affirmed.

Lui, Acting P. J., and Arabian, J., concurred.

A petition for a rehearing was denied April 18, 1984, and appellant's petition for a hearing by the Supreme Court was denied May 16, 1984.

---

January 1, 1973, which (i) removes an option previously available to local agencies and thereby increases program or service levels or (ii) prohibits a specific activity which results in the local agencies using a more costly alternative to provide a mandated program or service. (¶) (g) Any statute enacted after January 1, 1973, or executive order issued after January 1, 1973, which requires that an existing program or service be provided in a shorter time period and thereby increases the costs of such program or service. (¶) (h) Any statute enacted after January 1, 1973, or executive order issued after January 1, 1973, which adds new requirements to an existing optional program or service and thereby increases the cost of such program or service if the local agencies have no reasonable alternatives other than to continue the optional program."

The remaining addition of 1980, found in section 2231, subdivision (d)(3), is not material to our discussion.