[Civ. No. 11333.   First Appellate District, Division Two.—March 22, 1940.]

WASHINGTON BOULEVARD BEACH COMPANY (a Corporation), Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Bettin, Painter & Wait for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, Leonard Husar and George William Adams, Deputies City Attorney, for Respondent.

STURTEVANT, J.—The plaintiff has appealed from a judgment in favor of the defendant in an action to quiet title and has brought up a typewritten transcript.

Heretofore plaintiff's predecessors in interest were the owners of lands in Los Angeles County bordering on the Pacific Ocean. On September 26, 1902, Union Trust and Realty Company, a corporation, then being the owner, caused a part of those lands to be subdivided and mapped and later filed said map in the office of the county recorder of Los Angeles, in book No. 2 of maps, at pages 59 and 60. Commencing on the westerly side the tract was divided into blocks numbered 1 to 17. Blocks 1 to 7, inclusive formed a row extending from north to south. The westerly property line of that row paralleled the line of the beach and was located approximately 200 feet east from the high tide line of the Pacific Ocean. The map had marked thereon the numbers and sizes of the lots and blocks and the names of the streets. In the space between the western property line of the blocks on the western side of the tract and between that line and the high tide line were marked the words "The Strand". On said map was endorsed: "Dedication. Union Trust and Realty Company, a corporation, hereby certifies that it is the proprietor of the property subdivided as shown on this map, and further that it caused said subdivision and map to be made, and dedicated for public use the streets, avenues, 'The Strand' and alleys as shown on this map. Union Trust Company, by etc." That endorsement was dated September 22, 1902. On the same date there was endorsed by the use of a red rubber stamp an acceptance of the offer of dedication. The record before us is so blurred that the exact language of the last-named endorsement cannot be read. However, these words are plain: "That all streets shown upon said map (surveyed September, 1902) and therein offered for dedication be and the same are hereby accepted as public streets." The acceptance did not contain a specific reference to "The Strand". Short Line Beach Subdivision No. 1 became a part of the city of Ocean Park and the name of the latter was changed to Venice. Later Venice was consolidated with the city of Los Angeles. In its complaint the plaintiff described by metes and bounds "The Strand" and claimed title thereto. In that connection it conceded that it made a dedication but claimed said dedication did not include "The Strand". Therefore,

the sole question presented on this appeal is to determine the scope of the dedication heretofore made by the plaintiff's predecessors in interest.

■ The plaintiff contends that in this suit two parcels of land are involved. First, the beach extending from the building line down to the "high tide line", and second, "The Strand" which consists of a portion of the above-mentioned beach but which is a strip of land running parallel to the building line and which is approximately 55 feet wide. With that contention we do not agree. There is nothing in the title papers, nor is there anything on the face of the map, showing any segregation of "The Strand" into two parts. The plaintiff's contention rests wholly on its apparent claim that the rights of the defendant are measured solely by adverse possession. While it is true the defendant tendered the issue of adverse possession by certain defenses set up in its answer, the court made no finding thereon. Possession or nonpossession is a mere circumstance in measuring the scope of the dedication made by the predecessors of the plaintiff.

■ In the next place the plaintiff contends that the evidence fails to show an implied dedication of the property here in question. (*F. A. Hihn Co.* v. *City of Santa Cruz,* 170 Cal. 436 [150 Pac. 62].) The vice in that contention is that the defendant is claiming an express offer of dedication and an acceptance thereof. In that connection it showed the written offer of dedication by the plaintiff's predecessor which was endorsed on the above-mentioned map. As to an acceptance, among other things, it showed the following: From the date of the recordation of the map the public has continuously used "The Strand" as a public park; from the date last mentioned Short Line Beach Subdivision No. 1, and the successive municipalities of which it became a part, have spent in excess of $300,000 for the improvement and maintenance of "The Strand"; and that said public bodies have from time to time since 1902 passed ordinances and adopted resolutions based on the theory that "The Strand" was a public park. After the above-mentioned map was prepared the plaintiff's predecessor in interest caused the same to be printed on circulars featuring large dwellings fronting on an open beach, an esplanade running north and south, the public engaged in promenading, resting on the sandy beach, or engaged in fishing. The esplanade as exhibited on the circu-

lars shows a line of electroliers adjacent to the esplanade. Another illustrates many individuals engaged in bathing or fishing on the beach. Said circulars were broadcast to the general public and the officials of Venice. The lots fronting the beach were sold at high prices and Venice, at an early date, expended $100,000 in improvements of "The Strand". In 1912 Venice caused to be printed and circulated a map of the city. That map shows the property in dispute to be a "City Park". After that map was issued the city of Los Angeles spent large sums in the further improvement of the lots in dispute. During all these times the plaintiff stood by, accepted the benefits, but raised no question regarding the rights being asserted by the general public. The foregoing facts constituted an abundance of evidence to the effect that plaintiff's predecessor offered to dedicate "The Strand" as a public park and that said offer was accepted. (*Phillips* v. *Laguna Beach Co.*, 190 Cal. 180 [211 Pac. 225].)

The defendant makes the further point that the dedication of "The Strand" to public use resulted in the acquisition by the city of a fee simple to the property in suit. It contends that the public acquires the same rights in property by dedication as by condemnation (Lewis on Eminent Domain, vol. 2, sec. 472; *Friesen* v. *City of Glendale*, 209 Cal. 524 [288 Pac. 1080]), and that in California the public acquires a fee simple in property condemned for park purposes. (Code Civ. Proc., sec. 1239.) The finding of the trial court that the City of Los Angeles is the owner in fee simple of the real property, the title to which is in dispute, was clearly sustained by the evidence.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.