[Civ. No. 17070.   Second Dist., Div. One.   Sept. 7, 1949.]

RAY C. ROBERTS, Plaintiff and Appellant, v. CITY OF PALOS VERDES ESTATES et al., Defendants and Appellants.

McLaughlin, McGinley & Hanson and James A. McLaughlin for Plaintiff and Appellant.

Donald Armstrong for Defendants and Appellants.

DORAN, J.—The record reveals that the respondent city of Palos Verdes Estates acquired certain lands which were originally granted exclusively for park purposes. The original grantees deeded the property to the city subject to the conditions of the original deed with a few added conditions. There is no dispute as to the facts; the litigation relates to the construction and interpretation to be placed upon the provisions of the deed which recites ''that except as provided above, no buildings, structures or concessions shall be erected, maintained or permitted upon the said realty, except such as, (in the opinion of the Park Department of Palos Verdes Homes Association), are properly incidental to the convenient and/or proper use of said realty for park purposes.''

The action is for injunctive relief and alleges in substance that the city has commenced the erection of certain buildings on the property to be used for purposes in violation of the above quoted provisions in that said project is a housing yard for city-owned trucks and vehicles used by the city for various purposes.

Respondents admit the allegation to the extent that such project is to be used only for ''the storage of equipment used in the improvement and maintenance of the park lands even though some of the equipment is incidentally used in the maintenance of other city property.'' It is contended by respondents that use for such purpose is not in violation of the deed restrictions.

The judgment provides as follows:

"Now THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"That the defendant CITY OF PALOS VERDES ESTATES does have the right to construct on the property of the defendant city constituting a part of the defendant city's park property, which is now being used as a golf course, two buildings, each covering an area of 1600 square feet, for the purpose of housing and storing any and all vehicles and equipment used by the defendant city exclusively in connection with the care, maintenance and upkeep of the defendant city's parks and park property. That the defendant CITY OF PALOS VERDES ESTATES does not have the right to construct such buildings for the purpose of, or to use such buildings when so constructed, for the purpose of storing any vehicles or equipment that are not used exclusively for the care, maintenance and upkeep of the defendant city's park property. That any vehicles or equipment of the defendant city which are used by the defendant city or maintained by the defendant city for use on any properties or projects other than the defendant city's parks and park properties may not be stored, maintained, or kept in such buildings."

Plaintiff Ray C. Roberts appeals from that portion of the judgment decreeing that defendant city has the right to use such park property for storing vehicles and equipment used by the city exclusively in connection with the care, maintenance and upkeep of the city's parks and park property.

The defendants have appealed from that portion of the judgment which provides that the city does not have the right to construct buildings, or to use such buildings, for the purpose of storing any vehicles or equipment not used exclusively for the care, maintenance and upkeep of the city's park property, and that the city may not store or maintain in such buildings any vehicles or equipment used on any properties or projects other than the city's parks and park properties.

It is well settled that where a grant deed is for a specified, limited and definite purpose, the subject of the grant cannot be used for another and different purpose. *Mulvey* v. *Wangenheim*, 23 Cal.App. 268 [137 P. 1106]; *Kelly* v. *Town of Hayward*, 192 Cal. 242 [219 P. 749]; *McCullough* v. *Board of Education of San Francisco*, 51 Cal. 418; *Hall* v. *Fairchild Etc. Co.*, 66 Cal.App. 615 [227 P. 649]; *Wessinger* v. *Mische* (1914), 71 Ore. 239 [142 P. 612].

Respondents' argument in effect seeks to add the word "indirectly" to the restrictive provisions, that is to say if

buildings, structures or concessions are indirectly "incidental to the convenient and/or proper use of said realty for park purposes" they escape the limitation of the deed restrictions. Obviously such contention cannot be upheld. Courts have guarded zealously the restrictive covenants in donations of property for public use as the foregoing cited decisions will reveal. Such an effort on the part of a municipality if successful may be but the opening wedge and, as stated in *Kelly* v. *Town of Hayward, supra,* "some future board might claim that under their discretion a corporation yard and rock-pile for the employment of prisoners, and other very useful adjuncts to the administration of the economic affairs of the town, might be located thereupon, until the entire space was fully so occupied."

What a city council or board of trustees would like to do under whatever guise it may be proposed is not the test as to the validity of the proposal. The terms of the deed alone are controlling.

Unless the buildings *directly* contribute to the use and enjoyment of the property in question for park purposes, there exists a violation of the restrictions.

The judgment therefore goes beyond the restrictions when it gives the city authority to use buildings erected on the property for the purposes specified in the judgment. It may be assumed that the city owns other parks or may acquire other parks, and there is nothing in the deed which suggests that the property in question may be used "for park purposes" except for the purposes of the particular park dedicated and described in the deed.

It is necessary, therefore, to reverse the judgment and remand the cause for trial on the sole issue as to whether the building or buildings would be necessary and appropriate, and hence, "incidental to the convenient and/or proper use of said realty for park purposes." And, as above noted, the use of said building or buildings is limited to the "park" described in the deed and for no other purpose.

For the foregoing reasons the judgment is reversed and the cause remanded, costs to appellant Roberts.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied September 29, 1949, and defendants and appellants' petition for a hearing by the Supreme Court was denied November 3, 1949.