[Civ. No. 28669. Second Dist., Div. Two. Dec. 16, 1964.]

THE CITY OF HERMOSA BEACH, Petitioner, v. THE
SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent; LOUISE N. KLINE, Real Party in Interest.

Collamer A. Bridge, City Attorney, Rafter & Fredericks and Eric Rafter for Petitioner.

No appearance for Respondent.

John M. Mann for Real Party in Interest.

Thomas C. Lynch, Attorney General, and Carl Boronkay, Deputy Attorney General, as Amici Curiae on behalf of Real Party in Interest.

FLEMING, J.—Petitioner, City of Hermosa Beach, seeks to prohibit further prosecution of a taxpayer's suit by Louise N. Kline against it in superior court, contending that plaintiff below is without legal capacity to bring the suit because the Attorney General is the sole proper party plaintiff.

The *Kline* suit, for declaratory and injunctive relief against the City of Hermosa Beach and Guy F. Atkinson Company, charged the city with wrongfully invading two 20-foot strips of beach property, forever dedicated to recreation and prohibited to traffic, by beginning the construction of two access roads to a fishing pier on intervening city property. The complaint recited that on March 21, 1907, the Hermosa Beach Land and Water Company deeded to the City of Hermosa Beach "as a public pleasure ground" the land lying between the ocean front boundary line and the line of high tide. "Said corporation does hereby dedicate as a public pleasure ground . . . land shown on said plat . . . meaning hereby to dedicate this last described tract as a public pleasure ground and common, thereby meaning to restrict and forever prohibit the use of said pleasure or playground for vehicles, teams, horses, wagons, carriages and automobiles and every other kind of conveyance. . . ."

The city accepted the grant.

On June 10, 1964, according to the complaint, the city contracted with Guy F. Atkinson Company for the construction of a pier upon intervening city beach property; thereafter

Atkinson put a fence around the intervening city beach property which encroached 20 feet upon the dedicated property, both north and south; and the defendants started to construct a paved road "for the express purpose of conducting vehicular traffic across the dedicated land and onto the City land." Plaintiff asked the trial court to remove the offending fences, enjoin the use of the property for vehicular purposes, and restore the character of the dedicated property as a public pleasure ground.

The city's demurrer on the ground of plaintiff's lack of capacity to sue and defect of parties plaintiff was overruled. Thereafter the city filed this petition for prohibition, alleging that the sole right to enforce the provisions of a charitable trust lies with the Attorney General, who had not been made party to the suit.

*Charitable Trust*

Petitioner contends that a charitable trust arises whenever a municipal corporation accepts a grant of real property for park purposes, that in a suit to enforce such a trust the Attorney General is an indispensable party plaintiff. (*Pratt* v. *Security Trust & Savings Bank,* 15 Cal.App.2d 630, 640 [59 P.2d 862]; *Estate of Hart,* 151 Cal.App.2d 271 [311 P.2d 605].) Respondent answers that the 1907 grant did not create a trust at all, but rather dedicated property to a public body for limited uses, and that in a suit to enforce the terms of such a dedication the Attorney General need not be joined.

To resolve the issue we must give some analysis to the nature of gifts of real property to public bodies for specific purposes and for restricted uses. In a literal sense such gifts fall within the broad definition of a charitable trust as gifts in trust for the benefit of the public or for the establishment and maintenance of an institution dedicated to the welfare of the public or a definite part thereof. (*Graham Estate,* 63 Cal.App. 41 [218 P. 84].) In the instant case it could be said that the public is the beneficiary, the land is the trust res, and the City of Hermosa Beach the trustee, and therefore a charitable trust has been created. Yet, when the courts in California have had to consider dedications of land to public bodies for restricted purposes, such as parks, streets, highways, canals, or schools, they have not acted as though they were dealing with true charitable trusts, but rather with transfers of title of general scope.

Some cases have said that the land is "held in trust for the public" or that a "public trust" is created. (*Kelly* v. *Town*

*of Hayward,* 192 Cal. 242 [219 P. 749]; *Board of Education* v. *Martin,* 92 Cal. 209 [28 P. 799]; *Roberts* v. *City of Palos Verdes Estates,* 93 Cal.App.2d 545 [209 P.2d 7]; *Ritzman* v. *City of Los Angeles,* 38 Cal.App.2d 470 [101 P.2d 541]; 1 Bogert, Trusts and Trustees, § 34.) In such suits taxpayers have been allowed to sue the public body without joining the Attorney General.

Other cases have said that a fee simple absolute is created and have not discussed trust, charitable or otherwise. (*Morse* v. *E. A. Robey & Co.,* 214 Cal.App.2d 464 [29 Cal.Rptr. 734]; *Washington Blvd. Beach Co.* v. *City of Los Angeles,* 38 Cal. App.2d 135 [100 P.2d 828]; Anno. Nature of Estate Conveyed by Deed for Park or Playground Purposes, 15 A.L.R.2d 975; *Application of Mareck,* 257 Minn. 222 [100 N.W.2d 758].)

Still other cases have said that the deed dedicating the land to park purposes creates a fee determinable upon a condition subsequent. (*Taylor* v. *Continental Southern Corp.,* 131 Cal. App.2d 267 [280 P.2d 514]; Anno. Nature of Estate Conveyed by Deed for Park or Playground Purposes, 15 A.L.R.2d 975.)

Regardless of terminology the courts have consistently permitted private parties to maintain suits to enforce such public rights. The most pertinent analysis we have found of the theory of the law in this field is that of Professor Bogert, who sums up the distinction between a true charitable trust and a dedication for park purposes in this manner:

''There is no doubt that the municipal corporation in which the square, for example, has been dedicated, has a duty to maintain the square open and in good order for the benefit of the public for purposes of health, pleasure, and recreation. The question is, In what capacity does the corporation owe such duty? Is it as a governmental agency or as the trustee of a charitable trust? . . .

''The language of statutes, courts, and text-writers on this question is generally that of trust. They call the municipality a trustee of the dedicated land. But it is believed that in fact most of the decisions enforce the dedication on theories other than those of trust and that there is really no trust. . . .

'' . . . The prevalent and sound theory seems to be that such actions are either based on compelling the municipal corporation to perform its governmental functions or on the theory of a private property right of a nontrust character. It is believed that the statement that property dedicated to a municipal use by statutory proceedings is held in trust by the municipality for a special purpose and for the benefit of the

public is a loose expression, not designed to mean that a strict or true trust exists, but merely that the municipality owes the public a duty to employ the property in a certain way and that the members of the public can proceed in equity to compel the municipality to live up to this part of its governmental obligations." (1 Bogert, Trusts and Trustees, § 34.)

█ Accepting Professor Bogert's analysis, it is evident that a true charitable trust does not arise on the bare dedication of land to a municipality for park purposes when the city has neither affirmative duties to perform nor funds to administer. █ The deed to the City of Hermosa Beach in 1907 merely transferred a fee simple absolute to the city subject to certain restrictive covenants as to use. (*Washington Blvd. Beach Co.* v. *City of Los Angeles,* 38 Cal.App.2d 135 [100 P.2d 828].) █ Admittedly this beach property may be loosely referred to as a "public trust" for the residents of Hermosa Beach, but such a public trust is no more a true charitable trust than was Grover Cleveland's in his expression "a public office is a public trust." Since a charitable trust has not been created the Attorney General is not an indispensable party to the enforcement of its provisions. (*Kelly* v. *Town of Hayward,* 192 Cal. 242 [219 P. 749]; *Chester* v. *Carmichael,* 187 Cal. 287 [201 P. 925]; *Roberts* v. *City of Palos Verdes Estates,* 93 Cal.App.2d 545 [209 P.2d 7]; 1 Bogert, Trusts and Trustees, § 34.)

*Estate of Hart,* 151 Cal.App.2d 271, 284 [311 P.2d 605], relied on by petitioner, is consistent with these views. That case involved an unsuccessful attempt to overthrow on the ground of intestacy a testamentary gift of moneys in trust to the County of Los Angeles to be used to maintain land bequeathed to the county for park purposes. The gift of moneys was upheld on the ground that a genuine charitable trust had been created. The grant of land for park purposes was not described by the court as a charitable trust, but rather as "a public trust" arising by operation of law. *Pratt* v. *Security Trust Savings Bank,* 15 Cal.App.2d 630 [50 P.2d 862], was likewise a case of a true charitable trust with moneys in the hands of a bank trustee to be used for public park purposes. The administration of such a trust, the court held, could only be questioned by the Attorney General and not by a taxpayer.

█ In the present case the Attorney General, appearing as amicus curiae, adopted the view of Professor Bogert that in a grant of real property to a municipality for restricted uses, the Attorney General is neither the sole party authorized

to bring suit to enforce the terms of the dedication nor is he an indispensable party to such suit. We accept the Attorney General's view of his own proper status.

*Taxpayer's Suit*

 Respondent's standing as a resident and taxpayer sufficiently qualifies her to bring suit to enforce the duty of a municipality to maintain a park according to the terms of its dedication. Such suit is authorized on two grounds: (1) Section 526a of the Code of Civil Procedure permits a resident to maintain an action to restrain any illegal expenditures of funds or other property of a city. Petitioner and defendant Guy F. Atkinson Company, through the performance of their contract, may be incurring expenses, such as the cost of putting up the fence, in the performance of acts which violate the terms of the grant and hence are illegal. (2) A taxpayer may sue in a representative capacity in cases involving fraud, collusion, ultra vires, or failure of a governmental body to perform a duty specifically enjoined. (*Silver* v. *City of Los Angeles,* 57 Cal.2d 39 [17 Cal.Rptr. 379, 366 P.2d 651].) In *Slavich* v. *Hamilton,* 201 Cal. 299, 302 [257 P. 60], the court said "that the land which has been dedicated as a public park must be used in conformity with the terms of the dedication, and it is without the power of a municipality to divert or withdraw the land from use for park purposes." See also *Griffith* v. *Department of Public Works,* 141 Cal.App.2d 376 [296 P.2d 838]. The city is duty bound not to divert the use of the property from its dedicated purposes, and any attempt to do so would be an ultra vires act within the rule of the *Silver* case.

Alternative writ discharged and writ of prohibition denied.

Roth, P. J., and Herndon, J., concurred.