[Civ. No. 30762. Second Dist., Div. Five. Mar. 27, 1968.]

WILLIAM S. HART, JR., Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respond-
ent.

N. E. Youngblood and Morris Lavine for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Mitchell L. Lathrop, Deputy County Counsel, for Defendant and Respondent.

STEPHENS, J.—The factual background of this appeal is taken from the brief of the appellant, omitting transcript references:

"This is an action for declaratory relief, forfeiture, and an accounting, which arises out of the Last Will and Testament of William S. Hart, Sr., who died in Los Angeles County on June 23, 1946, leaving a Will executed September 9, 1944, through which defendant County of Los Angeles was designated as the primary beneficiary under two trusts [consisting of] . . . ranch property commonly known as The Hart Ranch (or Horseshoe Ranch) at Newhall, California, containing approximately 220 acres, together with other personal property consisting of cash and the residue and remainder of the estate which ultimately represented a sum amounting to approximately $900,000.00.

"Plaintiff William S. Hart, Jr., is the only issue of William S. Hart, Sr., deceased, who left no surviving spouse, as a result of which, and in accordance with the provisions of

514

Section 222 of the Probate Code of the State of California, plaintiff William S. Hart, Jr. would have been entitled to the entire estate of his father William S. Hart, Sr., had said William S. Hart, Sr. died intestate.

"Subsequent to the death of William S. Hart, Sr., his Last Will and Testament dated September 9, 1944 was contested by plaintiff William S. Hart, Jr., without success, and a Decree of Distribution was ultimately made thereon, which decree of Distribution was entered on or about December 2, 1955 awarding to the defendant County of Los Angeles the sole and exclusive management, supervision and control of all of the above mentioned real and personal property derived through the Last Will and Testament of William S. Hart, Sr. pursuant to and under the two separate trusts created thereby.

"It is the contention of plaintiff William S. Hart, Jr. in this proceeding that defendant County of Los Angeles has not done and performed the terms and conditions on its part to be done and performed under the Decree of Distribution entered December 2, 1955 and the Last Will and Testament of William S. Hart, Sr., and the two trusts created therein, or in accordance therewith, as the direct and proximate result of which it is contended that defendant County of Los Angeles has forfeited whatever right or interest it otherwise would have had in and to said real and personal property of said estate, and is not legally entitled to keep and retain any portion thereof.

". . . . . . . . . . .

"Under the Last Will and Testament of William S. Hart, Sr. dated September 9, 1944 it was provided:

'. . . If the County, or its successors in interest or estate, shall fail, neglect or refuse to perform each or any of the other conditions hereby imposed, the said property shall, immediately upon the happening of either or any of said events, *revert* (emphasis ours), and shall go and be distributed, to the State of California for the same uses and purposes and upon the same conditions imposed upon the State of California as are herein set forth and imposed upon the County.'

:'In the Second Amended Complaint it is alleged that plaintiff is informed and believes that defendant State of California designated as an alternate beneficiary or "trustee" herein, will not accept the within property or trusts, as the result of which plaintiff is entitled thereto as if said decedent had died intestate. .

"A. The First Cause of Action is for Declaratory Relief, under which plaintiff-appellant seeks to have the Court adjudicate his rights and those of the defendant COUNTY OF LOS ANGELES, including particularly the question as to whether or not defendant COUNTY OF LOS ANGELES has failed to do and perform the terms and conditions on its part to be done and performed under the provisions of the Last Will and Testament of William S. Hart, Sr., the two trusts created thereby, and the Decree of Distribution entered December 2, 1955 in action No. P-257566.

"B. The Second Cause of Action seeks to have the Court adjudicate a forfeiture of all right, title and interest which the defendant-respondent COUNTY OF LOS ANGELES may otherwise have had to any property heretofore derived or to be derived from the Estate of William S. Hart, Sr., and that all said property should revert back to the Estate of William S. Hart, Sr. to be administered as if said decedent had died intestate. The alleged basis for such claimed forfeiture is that defendant-respondent COUNTY OF LOS ANGELES has failed to do and perform the terms and conditions on its part to be done and performed under the Last Will and Testament of William S. Hart, Sr., the two trusts created thereby, and the Decree of Distribution entered December 2, 1955.

"C. The Third Cause of Action seeks an accounting from defendant-respondent COUNTY OF LOS ANGELES for all property and moneys heretofore received by said defendant-respondent from or through the Estate of William S. Hart, Sr., upon the ground that the COUNTY OF LOS ANGELES has forfeited any interest therein and plaintiff-appellant, as the surviving son and sole heir at law of decedent William S. Hart, Sr., is a party interested in said estate, as provided in Section 222 of the Probate Code of the State of California.

"Defendant County of Los Angeles demurred to the Second Amended Complaint upon the ground that the Second Amended Complaint does not state facts sufficient to constitute a cause of action, 'in that the said cause of action is not brought by the real party in interest', which demurrer was urged by said defendant County of Los Angeles in connection with all three causes of action, and on December 8, 1965 an order was made as follows:

'Demurrer is sustained without leave to amend on the ground that even assuming that the State of California, as the alternate trustee, refuses to serve as such, it being a public trust, said trust cannot fail for want of a trustee and the

Court will appoint a trustee, if necessary to carry out the purposes of the trust. In any event the property cannot revert to the plaintiff as an heir at law. (See *Estate of Hart,* 151 CA 2d, 271, 286.)'

"Thereafter and on January 14, 1966 an order was made that said action be dismissed with prejudice. This appeal followed."

█ A complaint that is not brought by the party who has standing to sue is subject to general demurrer (2 Chadbourn, Grossman & Van Alstyne, California Pleading, § 1192), and if it would not be possible to state a cause of action in the plaintiff, no matter in what capacity the suit is brought, then the general demurrer should be sustained.

This action was filed by plaintiff in his capacity as the sole legal heir of the decedent. His claim is that if the county's action resulted in a forfeiture of the property in question, and if the state would not accept the gift over in case a forfeiture occurred, then the property would revert back into the estate and vest in him. If this is an accurate statement of the law, then plaintiff has stated a cause of action. This is not, however, the law under the existing facts. █ The county holds the property, both real and personal, as trustee of a charitable trust for the benefit of the public in general. (*Estate of Hart,* 151 Cal.App.2d 271, 284 [311 P.2d 605].) The courts endeavor to protect the public's interest in trusts of this nature, and will not allow such to fail because of the actions of the trustee. Instead the court will appoint a successor trustee if it is established that the appointed trustee is not performing his duties in conformity with his obligation. The trust property will not be allowed to revert to the grantor or his heirs unless the grant or devise clearly manifests such an intent. (*In re Los Angeles County Pioneer Soc.,* 40 Cal.2d 852, 865-866 [257 P.2d 1].) This principle of law applies where the trustee is a political subdivision. (*Estate of Hart, supra,* at p. 286.) █ If some of the provisions of the trust require performance by a political entity as trustee and no willing political entity can be found, the doctrine of *cy pres,* liberally applied in the charitable context, may be invoked to carry out the manifest intent of the testator. █ Here there can be no question but that the gift over to the state; and a specific provision in the will that the son was not provided for therein because he had been amply provided for during the testator's life (see *Estate of Hart, supra,* at p. 274), indicate the testator's intent that the property was to

continue in trust for the benefit of the public and that it was *not* to return to the son. The general demurrer should have been sustained as the plaintiff did not state a cause of action in himself. The question then becomes: Might the plaintiff have been able to amend his complaint to state a cause of action in himself in some other capacity? It is to this question that we now direct our attention.

 The State of California has enacted, with minor variation, the Uniform Supervision of Trustees for Charitable Purposes Act (Gov. Code, §§ 12580-12596). This act requires that the Attorney General supervise the activities of trustees administering trusts of a charitable nature. Plaintiff cites Government Code, section 12583[1] for the proposition that the Attorney General has no power to bring a suit to compel compliance with the terms of the trust against the county. He argues that, as representing the *cestui qui,* he then must have standing as a member of the public at large to bring this suit. Plaintiff fails to consider Government Code, section 12591. That section, in part, reads: ''. . . . The powers and duties of the Attorney General provided in this article are in addition to his existing powers and duties. . . .'' Even though the county is exempt from the reporting provisions of the act, they are not immune from suit by the Attorney General any more than they would have. been at common law before the enactment of the uniform act. (*Pratt* v. *Security Trust & Sav. Bank,* 15 Cal.App.2d 630, 640 [59 P.2d 862].)[2]

The judgment is affirmed.

Kaus, P. J., and Aiso, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1968.

---

[1]Government Code, section 12583: ''This article does not apply to . . . any state, . . . or to any of their agencies or governmental subdivisions. . . .''

[2]*City of Hermosa Beach* v. *Superior Court,* 231 Cal.App.2d 295 [41 Cal.Rptr. 796] has been examined, and is not contra to the holding in the instant matter.

*Assigned by the Chairman of the Judicial Council.