[Civ. No. 38072. First Dist., Div. Four. Sept. 17, 1976.]

BIG SUR PROPERTIES, Plaintiff and Appellant, v.
WILLIAM PENN MOTT, as Director, etc., Defendant,
Cross-complainant and Respondent;
HELEN HOOPER BROWN, Cross-defendant and Respondent.

## COUNSEL

Horan, Lloyd, Dennis & Farr and Francis P. Lloyd for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, and E. Robert Wright, Deputy Attorney General, for Defendant, Cross-complainant and Respondent.

Hudson, Martin, Ferrante & Street and Webster Street for Cross-defendant and Respondent.

## OPINION

CALDECOTT, P. J.—On January 24, 1973, appellant Big Sur Properties, a limited partnership, filed a petition for writ of mandate to compel the State Department of Parks and Recreation (hereinafter Department), through State Resources Agency Director William Penn Mott, to exercise its discretion under Public Resources Code section 5003.5.[1] The appeal is from the judgment denying the petition. Appellant contended in the trial court that it had filed an application with the Department for a permit for access across Julia Pfeiffer Burns State Park (hereinafter the Park) to appellant's private property, and that the Department refused to consider the application because of restrictions contained in the gift deed to the Park from Helen Hooper Brown to the state.[2]

---

[1] All statutory references are to the Public Resources Code unless otherwise noted.

[2] A hearing was not held on the application. The parties have stipulated that under the circumstance a hearing would be a useless act.

Helen Hooper Brown had donated the real property to the State of California in 1962. The deed was recorded the same year. Paragraph 1 of the deed provides: "Said real property shall be used in perpetuity as a public park and for all lawful uses incidental thereto, except those uses, whether or not incidental thereto, which are expressly prohibited by the terms, covenants and conditions hereinafter set forth."

Paragraph 9, the restriction giving rise to the instant action, provides: "Notwithstanding the provisions of Public Resources Code Section 5003.5, [3] or any germane amendment thereof or similar statute, no private right of way for vehicular travel or for the purpose of transporting, hauling or conveying timber, logs, tanbark or any other product produced by logging operations on privately-owned land shall ever be granted to any person, firm or corporation upon or across any portion of the property conveyed to Grantee by this deed. This provision shall not impair or affect Grantee's authority under said Section 5003.5 to provide means of ingress to and egress from said real property to provide ready access thereto by the public."

Paragraph 11 of the deed provides, in part: "None of the restrictive covenants of this deed shall be construed as repugnant to the grant, but shall be considered as conditions of delivery, without which delivery of this deed would not have been made by the Grantor; and the acceptance of this deed by the Grantee shall be deemed to constitute full acceptance of all of the terms, covenants and conditions hereinabove set forth."

By grant deed dated June 24, 1968, appellant Big Sur Properties acquired title to a parcel of real property, containing 120 acres, separated

---

[3]Public Resources Code section 5003.5 provides in part:

"The department is authorized to provide means of ingress to and egress from all state parks in order to provide ready access thereto by the public and to provide means of ingress and egress to highways and roads across state parks from lands separated from such highways and roads by state parks, and for that purpose may enter into contracts or agreements with cities, counties, and other political subdivisions of the State and with other state agencies or with persons, firms or corporations for the acquisition, construction, and maintenance of suitable roads, trails, and pathways.

"When application is received by the department, other than under Section 5012, from any person, firm or corporation for right-of-way across a state park for ingress and egress to a highway or road from their lands separated from such highway or road by the state park, the department shall determine whether any reasonable access exists outside the boundaries of the park, or could be economically constructed. Where reasonable access does not exist or cannot be economically constructed outside the boundaries of the park, the department shall grant a permit for right-of-way across the park over such route and subject to such conditions and construction and maintenance specifications as the department may determine which will cause minimum alteration to the physical features of the park and minimum interference with the use of the park by the public."

from California State Highway No. 1 by the Park. At the time of acquisition, appellant knew .of the separation and of the restrictions in the gift deed.

On or about March 20, 1972, appellant filed an application for vehicular access to its property across the Park, pursuant to section 5003.5. Subsequently, appellant filed a formal request that the access be provided by means of an extension of about 600 feet to the existing jeep road across the Park. The Department denied the application because of the provisions of the gift deed; no hearing was ever scheduled.

Appellant's principal contention, and the focus of the trial court's decision, is that the restriction in the gift deed is invalid and void. However, we need not consider the validity of the *specific* restrictive provision contained in paragraph 9 of the deed. We hold that the public trust upon which the state holds such land prohibits private access rights-of-way (authorized by Pub. Resources Code, § 5003.5) across property acquired by gift, when such property is dedicated exclusively to public park purposes and uses incidental thereto. On this ground, we affirm the judgment.

The gift deed provides, in paragraph 1 thereof, that the property is to "be used in perpetuity as a public park and for all lawful uses incidental thereto. . . ." This is an explicit statement of the exclusive purpose of the dedication. Thus, the trial court in its findings concluded that the "property . . . is owned in fee by the State of California as trustee of a public trust for use in perpetuity as a public park for the benefit of the public."

 "It is well settled that where a grant deed is for a specified, limited and definite purpose, the subject of the grant cannot be used for another and different purpose." (*Roberts* v. *City of Palos Verdes Estates,* 93 Cal.App.2d 545, 547 [209 P.2d 7]; *Griffith* v. *Department of Public Works,* 141 Cal.App.2d 376, 380 [296 P.2d 838].) "Where a tract of land is donated to a city with a restriction upon its use—as, for instance, when it is donated or dedicated solely for a park—the city cannot legally divert the use of such property to purposes inconsistent with the terms of the grant." (*Spinks* v. *City of Los Angeles,* 220 Cal. 366, 368 [31 P.2d 193]; *City and County of S.F.* v. *Linares,* 16 Cal.2d 441, 446 [106 P.2d 369].)

██ Moreover, where property is acquired through private dedication, the deed is strictly construed. (*Roberts, supra,* 93 Cal.App.2d at p. 548; 57 Ops. Cal. Atty. Gen. 348, 349.) "[L]and which has been dedicated as a public park must be used in conformity with the terms of the dedication, and it is without the power of a municipality to divert or withdraw the land from use for park purposes." (*Slavich* v. *Hamilton,* 201 Cal. 299, 302 [257 P. 60]; *City of Hermosa Beach* v. *Superior Court,* 231 Cal.App.2d 295, 300 [41 Cal.Rptr. 796].) Such land is held upon what is loosely referred to as a "public trust," and any attempt to divert the use of the property from its dedicated purposes or uses incidental thereto is an ultra vires act. (*City of Hermosa Beach, supra,* 231 Cal.App.2d at pp. 299-300.)

Appellant contends (1), that section 5003.5 states a public policy that access shall be granted across state parks if the circumstances so require, and the granting of such rights-of-way would not divert the property from a park purpose; and (2), the specific statutory provisions of section 5003.5 cannot be waived by agreement between the state and a grantor.

The first argument is transparent. As stated in *Roberts, supra,* in which the city sought to use property, granted exclusively for park purposes, for storage of equipment used in maintenance of other city property: "Unless the buildings *directly* contribute to the use and enjoyment of the property in question for park purposes, there exists a violation of the restrictions." (93 Cal.App.2d at p. 548.) The fact that section 5003.5 is a statement of public policy is not controlling: "[a] use for a public purpose may be utterly inconsistent with a use for park purposes." (*Slavich, supra,* 201 Cal. at p. 306.)

In determining what is a park purpose we do not look to the type of structure erected, but rather, to the use of that structure in relation to the park. It seems fundamental that a right-of-way for private access across park land to private property beyond the borders of the park cannot possibly be incidental to its use as a public park. Again, as stated in *Roberts, supra*: "Courts have guarded zealously the restrictive covenants [4] in donations of property for public use. . . . Such an effort on the part of a municipality if successful may be but the opening wedge and, as stated in *Kelly* v. *Town of Hayward* . . . [192 Cal. 242 (219 P. 749)], 'some future board might claim that under their discretion a corporation yard

---

[4] We note that no party has challenged the finding that the restriction did not create a condition subsequent; therefore, there is no question of reversion of the property to the grantor.

and rock-pile for the employment of prisoners, and other very useful adjuncts to the administration of the economic affairs of the town, might be located thereupon, until the entire space was fully so occupied.' " (93 Cal.App.2d at p. 548.)

Nor does application of the public trust doctrine, restricting the property exclusively to the public park purposes for which it was donated, make acceptance of the gift deed "an agreement to waive" the provisions of section 5003.5. Rather, the section must be applied consistently with the public trust under which the state holds the property. If the Legislature intended to alter the doctrine's application, it could have done so explicitly. ■ "[I]t is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication." (*County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 644 [122 P.2d 526]; *Theodor* v. *Superior Court,* 8 Cal.3d 77, 92 [104 Cal.Rptr. 226, 501 P.2d 234].) No such expression or necessity appears in section 5003.5. Section 5005 provides for acceptance of gifts for the park system, and section 5006 provides for acquisition by purchase or condemnation. ■ Application of section 5003.5 only to property acquired without express and exclusive restriction to use for park purposes is consistent with the long-established difference in construction and treatment between dedications by private donors and dedications by the public. (*Slavich, supra,* 201 Cal. at p. 303.) ■ "When a rule is so long engrained in the public policy of the state it must be presumed that the legislature took it for granted rather than sought to alter it in omitting any specific provision for its application." (*Garvey* v. *Byram,* 18 Cal.2d 279, 281 [115 P.2d 501,136 A.L.R. 1137].)

Further, "where uncertainty exists consideration may be given to the consequences that will flow from a particular interpretation." (*Jaynes* v. *Stockton,* 193 Cal.App.2d 47, 56 [14 Cal.Rptr. 49].) Clearly, the consequences of the application of section 5003.5, and other similar regulations, to defeat the public trust doctrine would result in a policy discouraging such gifts to the state for park purposes. Such an unwise intended result is not to be readily implied where another construction is possible. (*City of El Monte* v. *City of Industry,* 188 Cal.App.2d 774, 782 [10 Cal.Rptr. 802].) ■ The provision of section 5003.5 granting a right-of-way to any person, firm or corporation is thus inapplicable to property donated to the state exclusively for use as a park.

The case of *Wills* v. *Los Angeles,* 209 Cal. 448 [287 P. 962, 69 A.L.R. 1044], cited by appellant, does not require a contrary conclusion. In that action, plaintiff had conveyed certain property to the city for street purposes, the deed stating that the property could not be used for street railway purposes. Street railway tracks were later built on the property, and plaintiff sued to quiet title. The court stated: "In *Finch* v. *Riverside etc. Co.,* 87 Cal. 597, 598 [25 Pac. 765], it is said: 'The dedication of a street to public use authorizes any ordinary use for street purposes; and the use of a street in a city or town for the tracks of a streetcar company is of this class and is therefore authorized.' " (*Id.,* at p. 451.)

In 1 Elliott on Roads and Streets (4th ed.) page 186, section 163, the court stated: "A condition or limitation which would render the dedication ineffectual cannot be annexed; thus, a man cannot reserve possession to himself, nor reserve a right to do anything in the way (street) which will destroy its character as a public way."

In the present case, a private right-of-way across a dedicated public park cannot be considered as a use of the same class as a public park. Nor can a reservation in a deed, prohibiting the granting of a right-of-way to a private person across a public park, be said to render the dedication ineffectual or destroy its character. In fact, the very opposite is true. *Wills* actually supports the position of the respondent Mott (State of California) in this case even though in *Wills* the public trust doctrine was not relevant and not discussed.

*County of San Diego* v. *Cal. Water etc. Co.,* 30 Cal.2d 817 [186 P.2d 124, 175 A.L.R. 747], also cited by appellant, is likewise inapplicable to the instant situation. That case involved an agreement to abandon a road and locate it elsewhere; the court held the contractual arrangement void, as it was not one of the methods authorized by statute for abandonment of roads. Appellant argues from this case the proposition that contracts entered contrary to express statutory authority are null and void. However, as observed earlier, section 5005 expressly authorizes acceptance by the Department of gifts of real property, as undertaken here. Application of the public trust doctrine thereupon mandates the use of such property exclusively for the purposes of the dedication, and the Legislature cannot be presumed to have implicitly altered this result.

The cited case is thus inapposite, as no statutory authority is abrogated by acceptance of the gift deed.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 18, 1976.